UNITED STATES, Appellee

v

ROBERT D. CHILCOTE, Private First Class, U. S. Marine Corps, Appellant

20 USCMA 283, 43 CMR 123

No. 22,966

January 22, 1971

*Thomas Hart Taylor, Esquire,* and *Lieutenant David G. Grimes, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused. With them on the brief was *Lieutenant Martin A. Selzer,* JAGC, USNR.

*Lieutenant Thomas F. Bastow,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

DARDEN, Judge:

In this case the Court reviews the correctness of an en banc consideration by the Court of Military Review of a decision by a panel of that court.

A general court-martial at Cherry Point, North Carolina, tried the appellant on one charge and one specification alleging the wrongful sale of 80 grams of marihuana during April-May 1968, and one charge and one specification alleging wrongful conspiracy to sell 555 grams of marihuana during July-September 1968. The court found him not guilty of the sale but guilty of the conspiracy charge and sentenced him to a dishonorable discharge, confinement for three years, total forfeitures, and reduction to the lowest pay grade. The convening authority approved the sentence.

On October 22, 1969, a three-judge panel of the United States Navy Court of Military Review, by a vote of two to one, set aside the findings and sentence and authorized a rehearing on the conspiracy charge "sans the confusing testimony adduced on the second charge of selling or to any other nonrelated offense." On October 30, 1969, the office of the Judge Advocate General submitted the record of trial to the convening authority for action not inconsistent with the decision of October 22. Appellate Government counsel moved on November 3, 1969, for reconsideration of the panel decision under Rule 19,[1] Courts of Military Review Rules of Practice and Procedure. This motion also suggested that the consequences of the panel's decision were important enough to make the case an appropriate one for a rehearing by the court sitting en banc. On November 13, 1969, the Navy court granted the Government's motion for reconsideration and ordered a rehearing en banc. Sitting en banc, the Navy court reversed the panel decision by a vote of ten to two on February 20, 1970, and approved the findings but reduced the confinement part of the sentence to two years. This Court granted review on four issues.

Because of its fundamental relationship to the other issues, the first issue we consider is whether Article 66, Uniform Code of Military Justice, 10 USC § 866, authorizes a rehearing before the Court of Military Review en banc after a panel decision.

As amended by the Military Justice Act of 1968, Public Law 90-632, 82 Stat 1335, Article 66(a) of the Uniform Code provides *inter alia* regarding the Courts of Military Review that:

"Each Judge Advocate General shall establish a Court of Military Review which shall be composed of one or more panels, and each such panel shall be composed of not less than three appellate military judges. For the purpose of reviewing court-martial cases, the court may sit in panels or as a whole in accordance with rules prescribed under subsection (f)."

---

[1] "b. The Court may, in its discretion, reconsider its decision in any case upon motion filed by either appellate defense counsel within 10 days from the time an accused is notified of the decision of the Court or upon motion of appellate Government counsel within 10 days after receipt of its decision, provided a petition for grant of review or certificate for review has not been filed with the United States Court of Military Appeals, or a record of trial for review under Article 67(b) has not been received by that Court."

Subsection (f) of Article 66 provides that:

"The Judge Advocates General shall prescribe uniform rules of procedure for Courts of Military Review and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases in the offices of the Judge Advocates General and by Courts of Military Review."

Article 66(a) of the Code does not expressly provide that the whole membership of the Court of Military Review may reconsider a decision by a panel of the court. Our problem is to determine whether the use of the disjunctive in that Article excludes the power of the Judge Advocates General to prescribe a procedure under Article 66(f) that permits en banc reconsideration of panel decisions.

The argument for the appellant's position is that an en banc review of a court-martial is an additional step in the appellate process and not a reconsideration, since the majority of the en banc court are deciding the case for the first time.

When the legislation that became the Uniform Code of Military Justice was under consideration, the House Committee on Armed Services deleted a provision under which a Judge Advocate General could have secured a reconsideration of a decision of one board of review by another board of review. The Committee discussion that led to the deletion of such authority reflects a concern that since boards of review would have fact-finding powers, a finding of fact favorable to an accused could have been overturned by a second board of review considering the same question. The possibility of such a result apparently was regarded as unfair to an accused, and the objective of avoiding that possibility overrode suggestions about the desirability of uniformity on questions of law among the several boards within the services. (Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, First Session.) Under the Uniform Code of Military Justice, the boards of review were separate and relatively autonomous; they were not constituents of a larger consolidated entity.

This organizational arrangement continued until enactment of the Military Justice Act of 1968. The language that became Article 66(a) of the Code was proposed by the Department of Defense as a part of a substitute bill it recommended in its report on S. 2009, 90th Congress.[2] The same language became a part of the Senate amendment to H. R. 15971, the bill that became the Military Justice Act of 1968.

Explaining its version of the bill that became the 1968 Act, the Senate Committee on Armed Services dealt with changes in Article 66 in these words:

"New provisions, sections 2(25) through (28) and sections 2(31) and (32A), are inserted which would amend article 66 of the code (review by board of review) and make conforming amendments to related articles. The changes made by these provisions are for the most part technical and conforming to reflect the change in designation of 'boards of review' to 'courts of military review.' The only substantive changes proposed are in article 66 itself. Subsection (a) of article 66 would be amended to permit the judge advocate generals to establish one court of military review for each service which would sit en banc or in panels, to replace the several boards of review that presently exist in each service." [Senate Report No. 1601, 90th Congress, Second Session (1968).]

---

[2] See letter of July 1, 1968, from the Secretary of the Army to the Chairman of the Senate Committee on Armed Services in response to a request of that Committee for the views of the Department of Defense on S. 2009, 90th Congress, on file in Committee on Armed Services, United States Senate.

In the Senate Report under the Sectional Analysis (Section 2(27)), these additional comments appear:

". . . The purpose of the amendment is to provide a single appellate body for the review of court-martial cases within each service, to improve and enhance the stature and independent status of these appellate bodies, and to provide for sound internal administration within these courts of military review."

The unembellished words of Article 66(a) of the Code do not support authority for en banc reconsideration of a panel decision. As noted above, the pertinent part of Article 66(a) reads: "For the purpose of reviewing court-martial cases, the court may sit in panels *or* as a whole in accordance with rules prescribed under subsection (f)." (Emphasis supplied.) When the term "or" is used it is presumed to be used in the disjunctive sense, unless the legislative content is clearly contrary. (See cases cited at footnote 1, 2 Sutherland, Statutes and Statutory Construction, § 4923 (3d ed, Horack).) The disjunctive "or" and the conjunctive "and," as used in a legislative enactment, are not the equivalent of each other and are not to be considered as interchangeable unless reasonably necessary in order to give effect to the intention of the enacting body. (Earle v Zoning Board of Review of City of Warwick, 96 RI 321, 191 A 2d 161, 163 (1963).) When it is employed between two terms describing different subjects of power in a statute, the word "or" usually implies a discretion when it occurs in a directory provision, and a choice between two alternatives when it occurs in a permissive provision. (See Cherry Lake Farms v Love, 129 Fla 469, 176 So 486 (1937); Pompano Horse Club v State, 93 Fla 415, 111 So 801 (1927).) In this instance we can find not a trace of an intent to reverse the 1950[3] congressional decision not to permit an overturning of panel de-

[3] Act of May 5, 1950, Public Law 506, 64 Stat 107.

terminations of factual questions that were favorable to an accused.

In our view the authority contained in Article 66(a) is not substantively enlarged by the provisions of 66(f), which permit the Judge Advocates General to prescribe uniform rules of procedure for proceedings in and before courts of military review. This authority existed respecting boards of review before the 1968 Act. The 1968 changes in the wording of Article 66 (f) were needed only because of the name change from boards of review to courts of military review. Hence Article 66(f) is not an independent grant of substance that would broaden the authority contained in Article 66 (a).

Our examination of the existing rules relating to hearings en banc discloses the absence of any procedure governing rehearings by the court sitting as a whole. Rule 18b, Courts of Military Review Rules of Practice and Procedure, provides:

"A party may suggest the appropriateness of a hearing or rehearing by the Court sitting as a whole. The suggestion shall be filed with the Court within 5 days after appellate Government counsel files its reply to the assignment of errors. Upon receipt of such suggestion, all the judges present for duty shall be polled, and a majority vote on the suggestion is final."

This rule is silent on the procedure to be followed in situations involving a proposed en banc reconsideration of a panel decision. This suggests that Rule 18b contemplates a decision on whether conideration is to be by a panel or by the entire court only before the panel has considered the case and not as a form of review of the panel decision. The Government argues that the second sentence of Rule 18b applies only to suggestions for hearings en banc and not to suggestions for rehearings en banc. Because of our principal holding, this subordinate issue becomes moot, but the lack of a specific provision governing en banc reconsideration of a panel determination is of some

286

significance. While it is true that in the United States Courts of Appeals the suggestion of a party that a case be reheard en banc is frequently contained in a petition for rehearing that is styled a petition for rehearing en banc (see Notes of the Advisory Committee on Appellate Rules under Rule 35), an important difference is that Rule 35c of the Federal Rules of Appellate Procedure provides that if a party desires to suggest a rehearing en banc, the suggestion must be made within the time prescribed by Rule 40 for filing a petition for rehearing.

In the military justice system courts of military review occupy a position that is comparable in many ways to the status of United States Courts of Appeals in the Federal court structure. In Textile Mills Sec. Corp. v Comr. of Int. Rev., 314 US 326, 86 L Ed 249, 62 S Ct 272 (1941), the Supreme Court construed a now repealed section of the United States Code which provided that a circuit court of appeals was to consist of only three judges, although Congress had provided in some circuits for more than three judges. The Court in that case decided that the ambiguous statutory provisions did not prevent a circuit court of appeals from hearing a case en banc. That opinion has relevance to the instant case because of its reasoning that if the applicable statute can be construed to permit en banc consideration, the advantages of avoiding conflicts within a circuit and of promoting finality of decision in the courts that are the courts of last resort in most cases militate in support of that construction.

The Textile Mills decision was in a framework that was without any legislative background evidencing congressional opposition to the reversal of panel decisions favoring an accused. The statutory language with which we must deal here and its legislative history are so different from the ones considered in Textile Mills that the opinion in that case does not furnish a precedent to guide our decision.

Although we concur in the desirability of resolving conflicts on questions of law among panels of the same court and of promoting finality of decision within the Courts of Military Review, such concurrence is insufficient justification for us to construe the statute in a manner that permits en banc reconsideration of panel decisions in the absence of convincing proof that Congress intended such a result.

Under the result we reach the Government is not without a method for securing review of panel decisions on questions of law. Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, permits the certification of such questions to this Court for decision.

Our decision on this point emphatically is without any intention to depreciate the status of members of the Courts of Military Review. We have many reasons for desiring that they maintain the prestige that should accompany their important appellate functions. A respect for the competency of these judges, however, should not lure us into extending congressional intent beyond limits that have been set by consideration of legislative history.

Consideration of the other issues on which the Court granted review is unnecessary because of the decision of this one.

The en banc decision of the United States Navy Court of Military Review is reversed. The record is returned to the Judge Advocate General of the Navy for action not inconsistent with this opinion.

Chief Judge QUINN and Judge FERGUSON concur.