THOMAS D. MAZE, Second Lieutenant,
U. S. Army, Petitioner

v

UNITED STATES ARMY COURT OF
MILITARY REVIEW, Respondent

20 USCMA 599, 44 CMR 29

Miscellaneous Docket No. 71–16

June 18, 1971

*Captain Bernard J. Casey* argued the cause for Petitioner. With him on the brief was *Colonel George J. McCartin, Jr.*

*Colonel David T. Bryant* argued the cause for Respondent. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway* and *Captain Thomas W. Phillips.*

## Opinion of the Court

DARDEN, Judge:

Of the two issues this case presents, the Court's decision in United States v Wheeler, 20 USCMA 595, 44 CMR 25 (1971), resolves one by holding that the procedure within the Army Court of Military Review on en banc consideration is not consistent with the construction of Article 66(a), Uniform Code of Military Justice, 10 USC § 866, in United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971). The second issue is whether the *Chilcote* result should provide retroactive relief to petitioner Maze.

A general court-martial in January of 1969 convicted the petitioner of several specifications of wrongful alteration of public records in violation of Article 134, Uniform Code of Military

Justice. The court sentenced him to dismissal. An en banc decision by the Army Court of Military Review affirmed the conviction, but reduced the sentence by eliminating the dismissal and by substituting a forfeiture of $100 pay per month for six months. We denied a petition for grant of review on July 30, 1970.

Petitioner avers that before the en banc Court of Military Review decision, a panel of the same court had issued a written opinion holding that the specifications did not allege a violation of the Code. The procedure resulting in en banc consideration apparently was the same as the one our opinion in *Wheeler,* supra, held to conflict with Article 66(a) of the Code.

The Court entertained the petition under its authority to grant extraordinary relief as provided by section 1651, Title 28, United States Code. This action is in aid of our jurisdiction in that if earlier appellate review was not conducted in accordance with the statute, the first petition by Lieutenant Maze that we denied on July 30, 1970, was not properly before us.

Our attention here is not directed to the merits of the decision by the Court of Military Review.

Relying on McClaughry v Deming, 186 US 49, 46 L Ed 1049, 22 S Ct 786 (1902), counsel for petitioner assert that the jurisdiction of military courts is altogether statutory, that *Chilcote* held Article 66(a) does not authorize a rehearing before an en banc Court of Military Review after a panel decision, and that lack of jurisdiction voids the proceedings of the en banc court *ab initio.* They urge that the *Chilcote* holding should be applied to petitioner's case even though his appellate review had previously been completed in the sense of Article 76, Uniform Code of Military Justice, 10 USC § 876.

We faced in Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), a decision on the extent to which we would retroactively apply the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). A majority of this Court decided to apply the *O'Callahan* decision only to those cases still subject to direct review here. The *Mercer* decision weighed the three considerations the Supreme Court of the United States prescribed in Stovall v Denno, 388 US 293, 18 L Ed 2d 1199, 87 S Ct 1967 (1967), for determining the retroactivity of decisions overruling earlier decisions applying constitutional rights. Status had been the controlling determinant of whether a person could be tried by court-martial before *O'Callahan.* After noting reliance on previous decisions to this effect, the purpose to be served, and the disruption that would flow from invalidating thousands of courts-martial, the *Mercer* opinion elected limited retroactivity.

Full retroactivity for *Chilcote* would involve not nearly as much disruption. The *Chilcote* issue arose and was granted within about eighteen months of the creation of the Courts of Military Review. Government counsel informed the Court that the Army Court of Military Review had rendered thirty-one decisions sitting en banc.[1] Analyzing the thirty-one cases, counsel for the petitioner suggest that, excluding the cases now before this Court on the same issue, only two of the thirty-one are likely to result in new petitions on the *Chilcote* issue. Counsel's analysis of probable results under full retroactivity appears to contain some unwarranted assumptions, however. The analysis assumes, for instance, that in those cases where the en banc court decided the issue in favor of the accused, full retroactivity would produce no appeals. But in those cases, full retroactivity would reinstate panel jurisdiction that presumably was unfavorable to an accused. In such circumstances, one would expect at least some of the accused to petition this Court. Similarly, failure of an accused to petition this Court af-

---

[1] The Government brief gives these figures for en banc decisions by other Courts of Military Review: The Navy —eight; the Air Force—seven; and the Coast Guard—one.

ter an en banc decision against him does not demonstrate that the Government would not desire to certify an issue if the en banc decision is invalidated.

The purpose of the *Chilcote* decision was to give an accused the benefit of a review procedure prescribed under a statute we decided did not permit en banc overturning of panel determinations. Although the Government perceives the purpose of *Chilcote* as being to preclude the overturning of only *published* opinions of a panel, we decided that issue against the Government in *Wheeler,* supra. As to the suggestion that some accused have benefited from consideration of their cases by the court's sitting en banc, our action in this instance is not self-executing to overturn such cases. If the Government should decide in the interest of justice to let those decisions stand, an accused could hardly complain because he had been the beneficiary of a review in addition to the one the statute authorizes.

The third of the considerations to be weighed in a decision on retroactivity is the extent of reliance by law enforcement officers on the law as it had earlier been construed. The *Chilcote* opinion was this Court's first construction of the statute. It represented the first instance in which counsel had raised the issue. In its review this Court is not limited to issues raised by counsel, but the time within which en banc re-

consideration had existed was relatively brief, as we noted earlier in this opinion. Unlike the history preceding *O'Callahan,* nothing in the decisions of this Court supported reliance on the procedure disapproved in *Chilcote.* That decision did not involve an overruling of earlier opinions or a change in the construction of a statutory provision.

An accused is entitled to have his case reviewed in a manner authorized by the statute. If an accused ▮▮▮▮▮ is adversely affected by a review under a procedure the statute does not permit, that review is beyond the power of the unit conducting it.

Full retroactivity may produce some complicated situations and some activity that limited retroactivity ▮▮▮▮▮ would avoid. From the information presented to us, however, we are not persuaded that in this instance the problems of retroactivity are so forbidding that to grant the instant petition would result in actions that overwhelm the system.

The en banc decision of the United States Army Court of Military Review is reversed. The record is returned to the Judge Advocate General of the Army for action consistent with this opinion.

Chief Judge QUINN and Senior Judge FERGUSON concur.