UNITED STATES, Appellee

v

LEONARD G. GOLDMAN, Captain, U. S. Army, Appellant

21 USCMA 22, 44 CMR 76

No. 23,733

July 23, 1971

*Captain Robert B. Harrison, III,* argued the cause for Appellant, Accused. With him on the brief was *Colonel George J. McCartin, Jr.*

*Colonel David T. Bryant* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Charles T. Frew, III,* and *Captain Richard L. Menson.*

### Opinion of the Court

FERGUSON, Senior Judge:

This case is before us on certification of the Judge Advocate General of the Army (Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867) on the following question:

Did the Court of Military Review err in denying appellant's motion for reconsideration in light of the decision in United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971)?

The accused was convicted by general court-martial, convened in the Republic of Vietnam, of single specifications alleging (1) the failure to obey a lawful regulation and (2) dereliction in the performance of his duties, in violation of Article 92, Code, supra,

10 USC § 892, and sentenced to a reprimand and a fine of $2,500.00. Panel 4, of the Court of Military Review, which heard the case upon referral by the Judge Advocate General (Article 69, Code, supra, 10 USC § 869), with one member dissenting, set aside the finding of guilty of specification 1, Charge I (failure to obey a lawful regulation), dismissed the specification, and affirmed only so much of the sentence as provided for a reprimand and forfeiture of pay of $100.00 per month for twelve months. Twelve days after the panel decision was filed, a majority of the judges of the full Court of Military Review, directed on their own motion that the case be reconsidered by the court sitting en banc. The en banc court restored the dismissed specification and affirmed the sentence as reduced by Panel 4. Subsequently, the Court of Military Review denied the appellant's motion, joined in by the Government, for reconsideration of the en banc decision in light of this Court's holding in United States v Chilcote, supra. It is this denial by the court en banc which is the subject of the question certified to this Court.

*Chilcote* was decided January 22, 1971, seven weeks *after* the en banc decision in this case. In that case, a three-judge panel, with one member dissenting, set aside the findings and sentence and authorized a rehearing. Upon application by the Government, the panel decision was reconsidered by the Court of Military Review sitting en banc, the decision was reversed and the findings of guilty were affirmed. In holding as unauthorized the action of the en banc court, we said in *Chilcote,* at page 286:

"The unembellished words of Article 66(a) of the Code do not support authority for en banc reconsideration of a panel decision."

See also United States v Maze, 20 USCMA 599, 44 CMR 29 (1971);
United States v Wheeler, 20 USCMA 595, 44 CMR 25 (1971); and United States v Croney, 20 USCMA 292, 43 CMR 132 (1971), all of which were reversed on the basis of the holding in *Chilcote.*

That decision is equally applicable here. A different resolution of the question is not required in this case by virtue of the fact that the determination to reconsider the decision of Panel 4 was made by a majority of the judges of the court and not upon application of the Government, as in *Chilcote,* for that was the situation in both *Maze* and *Wheeler.* Nor is the question moot, as contended by the Government, simply because the en banc decision affirmed the sentence as reduced by Panel 4. It also improperly reinstated the dismissed specification, an action which must be remedied. The retroactive application of *Chilcote* was decided affirmatively in United States v Maze, supra.

The certified question is answered in the affirmative.

Judge QUINN concurs.

DARDEN, Chief Judge (dissenting):

Although the en banc court reinstated one specification, the sentence it approved was exactly the same as that the panel approved. Neither a punitive discharge nor confinement was included.

Moreover, this Court was informed that the appellant is no longer on active duty. Since I perceive no substantial benefit to this appellant regardless of how the certified question is answered, I consider the issue moot and would not decide it. United States v Gilley, 14 USCMA 226, 34 CMR 6 (1963); United States v Aletky, 16 USCMA 536, 37 CMR 156 (1967).

My position therefore intimates no view on whether the certified issue is properly before us.