UNITED STATES, Appellant

v

LEONARD H. SWARTZ, JR., Private,
U. S. Army, Appellee

21 USCMA 75, 44 CMR 129

No. 24,319

October 8, 1971

Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain Benjamin P. Fishburne, III, and Captain Walter A. Smith, III, were on the pleadings for Appellant, United States.

Colonel George J. McCartin, Jr., Captain Francis X. Gindhart, Captain Stewart Pettet Davis, and Captain Robert H. Dickman were on the pleadings for Appellee, Accused.

Opinion of the Court

DARDEN, Chief Judge:

The military judge in this case dismissed three specifications of absence without leave charged against Private Swartz after a defense motion alleging lack of speedy trial. The convening authority disagreed with the basis for dismissing one of the specifi-

cations, however, and ordered the court reconvened for reconsideration of that particular decision.[1] Trial and conviction on this single reinstated unauthorized absence followed. Ultimately, the case was assigned to Panel 3 of the United States Army Court of Military Review. Following assignment of errors by defense, replies by the Government, and oral argument, Panel 3 requested en banc consideration of the case. A draft opinion accompanied this request. The full Court then undertook en banc review.

The Judge Advocate General of the Army has since certified to this Court two issues that challenge the Court of Military Review's actions in this case. Our disposition of the case causes us not to reach the certified issues.

In United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971), this Court held that Article 66(a), Uniform Code of Military Justice, 10 USC § 866, does not sanction a hearing before a full Court of Military Review after a panel decision. See also United States v Croney, 20 USCMA 292, 43 CMR 132 (1971), and Maze v United States Army Court of Military Review, 20 USCMA 599, 44 CMR 29 (1971). Circulation of a panel draft opinions precludes subsequent en banc action. United States v Wheeler, 20 USCMA 595, 44 CMR 25 (1971). A case be referred for en banc consideration at any time before a panel "determination on the merits," however. Id., at page 598. Government counsel's contention that this case is distinguishable because Panel 3 requested review rather than some other Court of Military Review member is unavailing. Cf. United States v Goldman, 21 USCMA 22, 44 CMR 76 (1971).

The en banc decision of the United States Army Court of Military Review in this case is therefore reversed. The record of trial is returned to the Judge Advocate General of the Army for action consistent with this opinion.

Judge QUINN and Senior Judge FERGUSON concur.

---

[1] See Article 62(a), Uniform Code of Military Justice, 10 USC § 862; Priest v Koch, 19 USCMA 293, 41 CMR 293 (1970).