THOMAS M. LOHR, Staff Sergeant, U. S. Air Force,
Petitioner

v

UNITED STATES, Respondent

21 USCMA 150, 44 CMR 204

Miscellaneous Docket No. 71–47

January 12, 1972

*Colonel George M. Wilson* and *Lieutenant Colonel Norman L. Paul,*
counsel for Petitioner.

*Colonel Henry R. Lockington* and *Major Stark O. Sanders, Jr.,* counsel
for Respondent.

## Memorandum Opinion of the Court

Petitioner has filed a "Petition for Extraordinary Relief Pursuant to Section 1651, Title 28, USC," and the respondent has submitted its "Answer and Response" to our Order to Show Cause.

There are no factual conflicts requiring resolution by the Court for the parties agree on all material facts.

It appears that petitioner was originally convicted by a general court-martial of a violation of Article 80, Uniform Code of Military Justice,[1] after a trial conducted during the period May 15 to June 15, 1969. He was sentenced to a bad-conduct discharge and confinement at hard labor for one year. Upon review,[2] the convening authority held prejudicial error occurred when the law officer improperly participated in the deliberations of the court-martial. He, therefore, set aside the findings and sentence and ordered a rehearing. At the rehearing, petitioner was again convicted as charged, and a sentence of a bad-conduct discharge and confinement at hard labor for six months was adjudged. By action dated September 29, 1969, the convening authority approved the sentence and forwarded the record of trial for review by the Court of Military Review.[3]

The case was assigned to Panel 3, of the latter tribunal, and a majority of the panel concluded the military judge at the rehearing committed prejudicial error by admitting certain evidence. Accordingly, the majority set aside the findings and sentence. Because, inter alia, petitioner had "been twice tried, twice convicted, and twice the conviction . . . [had] been set aside for prejudicial error," they ordered the charge dismissed. The third member of the panel disagreed.

---

[1] 10 USC § 880.
[2] See Article 60, Uniform Code, supra, 10 USC § 860.

[3] See Articles 65(a) and 66(b), Uniform Code, supra, 10 USC §§ 865(a) and 866(b).

The panel's views were set out in a "draft opinion" circulated among the full membership of the Court of Military Review, a majority of whom disagreed with the views of the panel. Thereafter, a decision en banc was published affirming the findings and sentence.

Subsequent to promulgation of the en banc decision, petitioner filed in this Court a petition for review pursuant to Article 67(b)(3), Uniform Code, supra.[4] Since there was no indication in the record at that time that the decision was one issued upon reconsideration, we denied the petition.[5]

In its "Answer and Response to Order to Show Cause," respondent concedes that the en banc reconsideration of the panel decision was improper under United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971).[6] The circumstances now disclosed to the Court in these proceedings justify that concession, and we accept it. Maze v United States Army Court of Military Review, 20 USCMA 599, 44 CMR 29 (1971). The decision en banc is set aside, and the case is remanded to the Judge Advocate General, United States Air Force, for appropriate action not inconsistent with this opinion.

---

[4] 10 USC § 867(b)(3).

[5] United States v Lohr, Docket No. 22,915, 19 USCMA 615. In this petition no reference was made to a decision by a panel of the Court of Military Review.

[6] In United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971), this Court held that Article 66(a), Uniform Code of Military Justice, 10 USC § 866 (a), does not authorize en banc reconsideration of a panel decision, and we set aside a decision, adverse to petitioner therein, arrived at upon such reconsideration.