KENNETH R. COLEMAN, Airman First Class,
U. S. Air Force, Petitioner

v

UNITED STATES, Respondent

21 USCMA 171, 44 CMR 225

Miscellaneous Docket No. 71–44

January 31, 1972

 

*Colonel George M. Wilson* and *Lieutenant Colonel Norman L. Paul,* counsel for Petitioner.

*Colonel Henry R. Lockington* and *Major Stark O. Sanders, Jr.,* counsel for Respondent.

## Memorandum Opinion of the Court

This case is before the Court on a "Petition for Extraordinary Relief Pursuant to Section 1651, Title 28 USC," upon which a Notice to Show Cause issued and respondent has filed its "Answer and Response."

The pleadings disclose the following uncontested facts:

A special court-martial convicted the petitioner of certain charges, the nature of which are not material to these proceedings. The sentence imposed—a bad-conduct discharge and confinement at hard labor for one month—was approved by the convening and supervisory authorities, and the record was forwarded for review by the United States Air Force Court of Military Review. On January 15, 1970, that tribunal issued its decision affirming the findings and sentence, three members dissenting, and on April 10, 1970, a petition for review filed in this Court pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867(b)(3), was denied. United States v Coleman, Docket No. 22,800, 19 USCMA 611. By Special Court-martial Order 10, Headquarters Fifteenth Air Force (SAC),

March Air Force Base, California, dated April 20, 1970, the sentence, so affirmed, was ordered executed.

At some time subsequent to the decision in United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971), petitioner learned of the holding therein, and evidently inquired further into the proceedings held by the Court of Military Review in his case. Thereafter he filed the petition now under consideration.

It now appears that on November 23, 1969, petitioner's case was assigned to Panel 3 of the Court of Military Review for action pursuant to Article 66(b), Uniform Code, supra, 10 USC § 866(b). There, the Senior Member of the panel, Judge Williams, assigned it to Judge Hinz "for formal review," upon completion of which the panel discussed the issues presented. Judge Hinz concluded that the staff judge advocate's review of the record of trial[1] was deficient to the substantial prejudice of petitioner herein, and proposed a return of the record to

---

[1] See Article 61, Uniform Code of Military Justice, 10 USC § 861.

the supervisory authority for further action. Senior Judge Williams agreed the review was prejudicially inadequate, and voted to disapprove the bad-conduct discharge as an appropriate remedy for the deficiency. In a statement submitted by respondent as an attachment to its Answer, Judge Williams (now retired) describes the foregoing events and declares that when he and Judge Hinz disagreed on disposition of the case, Judge Carter expressed no opinion on the question for he had not read the record. Rather than afford Judge Carter an opportunity more fully to acquaint himself with the case, the panel agreed to refer the question to the full membership of the court. This procedure is described in Judge Williams' statement as follows:

"Our custom at that time was to convene the entire Court periodically, at the suggestion of any Panel, to discuss pending cases in which disagreement among the members was likely to occur. This was an optional time-saving procedure. There was little point in having a Panel prepare a Decision when it was obvious that the Decision would become the minority position when referred to the whole Court."

When the full membership met to discuss the case, a majority disagreed with the "holding of prejudicial error" made by Panel 3, and an en banc hearing was decided upon. On the same date, appellate Government counsel filed their brief with Panel 3 on behalf of the United States. The parties, notified of a hearing before the full court sitting en banc, waived oral arguments. The latter tribunal then issued its decision with five members concurring in the conclusion that the staff judge advocate review was free of prejudicial error. Judge Hinz dissented, as did Judges Williams and Carter. Judge Hinz adhered to his original position that the case should be returned for a new supervisory authority action, while Judge Carter joined Judge Williams in the view that the bad-conduct discharge should be disapproved.

In United States v Chilcote, supra, this Court held that Article 66(a), Uniform Code, supra, 10 USC § 866(a), does not authorize en banc reconsideration of a panel decision, and it set aside a decision arrived at upon such reconsideration. In United States v Wheeler, 20 USCMA 595, 44 CMR 25 (1971), it appeared that a "draft opinion" expressing the views of the panel to which the case was assigned was circulated among the full membership of the Court of Military Review, a majority of whom disagreed with the views set out in the "draft opinion." A decision en banc expressing the opposite view was then published. This Court held that:

". . . [W]hen a panel of a Court of Military Review has had a case referred to it, that panel normally is obligated to decide the case and to make its decision public instead of informing preliminarily only the other members of the court."

Concluding that the "draft opinion" represented the views of those having exclusive responsibility in the premises, the Court set aside the en banc decision.

In the instant case it is clear from the pleadings that a majority of the panel in fact decided that prejudicial error had occurred. They disagreed only as to disposition. It is equally clear that when given an opportunity to study the problem in the light of the record of trial, the third member of the panel agreed the bad-conduct discharge should be set aside. Thus, we have substantially the identical situation presented by United States v Wheeler, supra, except that this panel's views were evidently orally conveyed to the other members of the court. That difference is neither substantial nor material. As was pointed out in *Wheeler*, the panel was "obligated to decide the case and to make

**173**

its decision public instead of informing preliminarily only the other members of the court." Nothing transpiring here either terminated or modified that obligation. Nor may the possibility that other members of the Court of Military Review might disagree with the conclusion reached by a panel warrant reference of a case to the full membership. Military judges, no less than judges of other Federal courts, are required to exercise their independent judgment in all cases properly before them. There is no more certain way to destroy that independence than to encourage a procedure whereby appellate military judges refer all disagreements for resolution by others.

What we declared in *Chilcote* is equally applicable here:

"Although we concur in the desirability of resolving conflicts on questions of law among panels of the same court and of promoting finality of decision within the Courts of Military Review, such concurrence is insufficient justification for us to construe the statute [Article 66(a), supra] in a manner that permits en banc reconsideration of panel decisions in the absence of convincing proof that Congress intended such a result." [20 USCMA, at page 287.]

A majority of Panel 3, having the responsibility of decision, decided prejudicial error occurred and disapproved the punitive discharge in order to effect a cure. Since the holding in *Chilcote* is retroactive,[2] the en banc reconsideration of that decision conflicts with Article 66(a), supra. This conflict may be reached and remedied by granting the "Petition for Extraordinary Relief Pursuant to Section 1651, Title 28 USC." Such action, this Court declared in Maze v United States Army Court of Military Review, 20 USCMA 599, 600, 44 CMR 29 (1971):

". . . is in aid of our jurisdiction in that if earlier appellate review was not conducted in accordance with the statute, the first petition . . . that we denied . . . was not properly before us."

Accordingly, the en banc decision of the United States Air Force Court of Military Review is reversed. The case is remanded to the Judge Advocate General of the Air Force for action not inconsistent with this opinion.

---

[2] Maze v United States Army Court of Military Review, 20 USCMA 599, 44 CMR 29 (1971).