JOHN C. SEELKE, Private, U. S. Army, Petitioner

v

UNITED STATES, Respondent

21 USCMA 299, 45 CMR 73

Miscellaneous Docket
No. 72–10

April 13, 1972

*Stewart Pettet Davis, Esquire,* counsel for Petitioner.

*Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Merle F. Wilberding,* counsel for Respondent.

## Memorandum Opinion of the Court

Convicted by general court-martial on December 12, 1969, of unauthorized absence, desertion, and escape from confinement, in violation of Articles 86, 85, and 95, Uniform Code of Military Justice, 10 USC §§ 886, 885, 895, accused was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved the sentence and, on being forwarded to the office of the Judge Advocate General, United States Army, the case was referred to Panel 3, United States Army Court of Military Review.

A draft opinion was circulated by Panel 3, in which the findings of guilty of escape from confinement were set aside and the sentence reassessed to reduce the term of confinement to two years. In accordance with then extant practice, the case was referred to the Court of Military Review sitting en banc, which affirmed the findings and sentence. Subsequently, the Secretary of the Army reduced the term of confinement to two years and mitigated the dishonorable discharge to a bad-conduct discharge. Accused did not file a petition for review with this Court and, on January 14, 1971, the sentence was ordered into execution. Accused has since served his confinement and been discharged from the service.

On March 17, 1972, accused filed his petition for writ of error *coram nobis* and other extraordinary relief with this Court, praying that the panel decision in the case be reinstated and, in view of the fact that its reassessment of the sentence to confinement was never effectuated, that the punitive

discharge be set aside as the only meaningful way of affording him relief at this point.

The Government was ordered to show cause why the relief sought should not be granted and has, accordingly, filed its answer.

The United States concedes that, under our decisions in United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971); Maze v United States Army Court of Military Review, 20 USCMA 599, 44 CMR 29 (1971); and Coleman v United States, 21 USCMA 171, 44 CMR 225 (1971), the accused is entitled to reinstatement of the panel decision. It contends, however, that accused is not entitled to further relief, for that decision, in reassessing the sentence, did no more than to approve the punitive discharge and forfeitures, reducing the term of confinement to two years. As the Secretary of the Army thereafter acted to reduce the term of confinement to that period, it concludes accused has received all the relief to which the original panel decision would have entitled him and, hence, further reduction of the sentence is not required.

We agree with the position of the United States. As a result of the Secretary's action on the sentence, accused has suffered no detriment from the en banc affirmance of the original term of confinement. Such served to reduce his term of confinement to precisely that ordered by the panel, and we see no basis for complaint on his part as to the finally approved sentence.

Accordingly, the en banc decision of the Court of Military Review is set aside, and the proceedings forwarded to the Judge Advocate General, United States Army, who shall direct reinstatement of the original decision of Panel 3 of the court and take such other action as may be necessary to accomplish the same.