UNITED STATES, Appellant

v

THOMAS M. LOHR, Staff Sergeant, U. S. Air Force, Appellee

21 USCMA 448, 45 CMR 222

No. 22,915

June 23, 1972

■■■■

*Major Stark O. Sanders* argued the cause for Appellant, United States. With him on the brief was *Colonel Henry R. Lockington.*

*Lieutenant Colonel James LaBar* argued the cause for Appellee, Accused. With him on the brief was *Colonel George M. Wilson.*

## Opinion of the Court

DARDEN, Chief Judge:

This case has been here before. Lohr v United States, 21 USCMA 150, 44 CMR 204 (1972). On that occasion, we set aside an en banc decision of the United States Air Force Court of Military Review and remanded the case for reinstatement of the original panel decision. See United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971).

Such action has now been accomplished, and the Judge Advocate General, United States Air Force, has certified the case here upon the following questions:

"a. WAS THE UNITED STATES AIR FORCE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE FORMER TESTIMONY OF KIMBERLY ALLEY WAS IMPROPERLY ADMITTED?

**448**

"b. WAS THE UNITED STATES AIR FORCE COURT OF MILITARY REVIEW CORRECT IN SETTING ASIDE THE FINDINGS AND SENTENCE AND ORDERING THE CHARGES DISMISSED?"

We address ourselves only to the second question, for our disposition of that issue serves to dispose of the case.

Accused was convicted of attempted sodomy, in violation of the Uniform Code of Military Justice, Article 80, 10 USC § 880. The act allegedly was committed with his stepdaughter and, at all levels, it appears to be conceded that the findings of guilty are based on the testimony of another young girl, Kimberly Alley. At accused's original trial, she testified in person. At a rehearing, her former testimony was offered by the prosecution and received by the military judge, who tried the case alone. The first certified question evidences that the Court of Military Review held such former testimony inadmissible on the basis of an insufficient showing of her unavailability personally to appear and testify at the rehearing.

The Court of Military Review, however, did not conclude its opinion with a finding of prejudicial error based on the inadmissibility of the former testimony. It went on to state:

"In summary, the only direct evidence of the crime of which Lohr was found guilty was the *former testimony* of the eight-year-old Kim. This testimony was not only improperly admitted, it *is highly suspect. The findings of guilty must therefore be disapproved.*" [Emphasis supplied.]

In their dissent to the en banc opinion, the same two judges who constituted a majority of the panel that initially heard the case and promulgated the above panel opinion enlarged upon their views. In that dissent they disagreed with the en banc holding "that Kimberly's testimony was credible and worthy of belief." They found it to be "rambling, confusing, inconsistent, and highly suspect." Concluding that such testimony was unbelievable and that it was the only direct evidence of the accused's guilt, the authors of the panel decision declared that they would disapprove the findings of guilty.

From the foregoing, we conclude that the panel, in disapproving the findings of guilty and dismissing the charge, acted not only on the basis of prejudicial error but also because it was unconvinced of the credibility *of the only witness to accused's guilt.* This was a factual decision by the Court of Military Review, which we have repeatedly held to be unreviewable on certification. United States v Judd, 10 USCMA 113, 27 CMR 187 (1959); United States v Wheatley, 10 USCMA 537, 28 CMR 103 (1959); United States v Remele, 13 USCMA 617, 33 CMR 149 (1963); United States v Baldwin, 17 USCMA 72, 37 CMR 336 (1967).

As the court's ultimate decision to reverse and dismiss the Charge was based on its fact-finding powers and rejection of the prosecution's case, its action was well within its statutory prerogative. See Uniform Code of Military Justice, Article 66, 10 USC § 866. In consequence, the second question presented must be answered in the affirmative, and the first inquiry of the Judge Advocate General is mooted.

The decision of the Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.