UNITED STATES, Appellant

v.

Leslie D. RILEY, Airman
U.S. Air Force, Appellee

Nos. 00-5003 & 98-0146

Crim. App. No. 32183

_____

United States Court of Appeals for the Armed Forces

Argued November 14, 2000

Decided June 29, 2001

GIERKE, J., delivered the opinion of the Court, in which
EFFRON and BAKER, JJ., joined.  CRAWFORD, C.J., and SULLIVAN, J.,
each filed an opinion concurring in part and dissenting in part.

Counsel

For Appellant:  Captain James C. Fraser (argued); Colonel Anthony
   P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, Lieutenant
   Colonel William B. Smith, and Major Lance B. Sigmon (on
   brief).

For Appellee:  Captain Karen L. Hecker (argued); Colonel Jeanne
   M. Rueth, Lieutenant Colonel James R. Wise, Lieutenant
   Colonel Timothy W. Murphy, and Major Stephen P. Kelly (on
   brief).

Military Judge:  Terence A. Curtin

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge GIERKE delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Airman Riley (appellee) of unpremeditated murder of her newborn baby, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918.  The adjudged and approved sentence imposed a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to the lowest enlisted grade.  The evidence on which the conviction was based is set out in our previous opinion.  50 MJ 410, 411-13 (1999).

The Court of Criminal Appeals set aside appellee's conviction of unpremeditated murder on the ground that the evidence was factually insufficient.  It affirmed a lesser-included offense of involuntary manslaughter by "refusing and impeding assistance in the delivery and care of her child," in violation of Article 119, UCMJ, 10 USC § 919.  The court reassessed the sentence and affirmed the maximum imposable sentence for involuntary manslaughter: dishonorable discharge, confinement for 10 years, total forfeitures, and reduction to the lowest enlisted grade.  47 MJ 603, 608, 610 (1997).

This Court reversed the decision below, holding that the Court of Criminal Appeals erred by affirming a lesser-included offense on a theory not presented to the trier of fact.  However, because it was not clear "whether that court also found the evidence factually insufficient to support a conviction of a lesser-included offense premised on negligent infliction of the fatal injuries on the baby," the case was remanded to the court below "for clarification of its decision and reconsideration under correct legal principles."  50 MJ at 416.

2

The case was remanded to the same panel that decided the case on initial review, but only one of the three appellate military judges who participated in the original decision remained on the panel.  Upon further review after the remand, the court below rejected an argument by the Government that it was free to reinstate the conviction of unpremeditated murder.  The court stated that it "would welcome an opportunity to revisit this Court's previous conclusion that the appellant's conviction for unpremeditated murder was factually insufficient," but it concluded that it was precluded from doing so by the terms of the remand.  52 MJ 825, 827 (2000).

However, the court below felt free to reconsider its findings of fact pertaining to involuntary manslaughter.  It held that its earlier conclusion that "the evidence was insufficient to establish the manner of death" was "clearly erroneous."  Id. at 828.  It found beyond a reasonable doubt that appellee stuffed a paper towel into her baby's mouth and applied force to the baby's skull in a gross and reckless manner.  Based on its reconsideration of the facts, the court below affirmed a conviction of involuntary manslaughter by culpable negligence. Id. at 829.  The court then reassessed and affirmed the same sentence.  Id. at 830.

The Judge Advocate General of the Air Force then certified the following issue:

> WHETHER THE AIR FORCE COURT ERRED WHEN IT CONCLUDED THAT IT LACKED THE POWER TO REVISIT ITS EARLIER FINDING THAT THE EVIDENCE OF RECORD WAS FACTUALLY INSUFFICIENT TO SUPPORT APPELLEE'S CONVICTION OF UNPREMEDITATED MURDER.

Although this Court did not formally grant a cross-petition, it permitted Airman Riley to file additional pleadings in response to the decision of the court below on remand. Those additional pleadings raised three issues of law:

I

WHETHER, UPON A REMAND FROM THIS COURT, A COURT OF CRIMINAL APPEALS MAY RECONSIDER AND CHANGE FINDINGS OF FACT FAVORABLE TO THE DEFENSE, IF IT CONCLUDES ON RECONSIDERATION THAT ITS EARLIER FINDINGS OF FACT WERE CLEARLY ERRONEOUS.

II

WHETHER THE COURT OF CRIMINAL APPEALS ERRED BY REASSESSING AND AFFIRMING THE MAXIMUM IMPOSABLE PUNISHMENT FOR A LESSER-INCLUDED OFFENSE, INSTEAD OF ORDERING A SENTENCE REHEARING.

III

WHETHER APPELLATE DEFENSE COUNSEL WERE INEFFECTIVE WHEN THEY ADVISED APPELLEE THAT SHE COULD NOT LOSE THE BENEFIT OF THE FAVORABLE DECISION OF THE COURT OF CRIMINAL APPEALS IF SHE PETITIONED THIS COURT FOR REVIEW.

For the reasons set out below, we again remand this case to the court below for clarification of its findings.

DISCUSSION

Certified Issue

Appellee contends, citing United States v. Crider, 22 USCMA 108, 46 CMR 108 (1973), that the Court of Criminal Appeals was not free to reinstate her conviction of unpremeditated murder and the original adjudged sentence. The Government asserts that Crider has been effectively overruled by the Supreme Court in Tibbs v. Florida, 457 U.S. 31 (1982). We hold that Crider was not overruled by Tibbs, and that Crider is the controlling precedent in this case. Accordingly, we answer the certified question in the negative.

4

In Crider, a panel of the Court of Military Review reduced a conviction of premeditated murder to unpremeditated murder. This Court reversed the decision below on the ground that the judges who decided the case should have recused themselves, and it remanded the case for further review by another panel of the court below. On further review by another panel, the Court of Military Review affirmed the original conviction of premeditated murder and the sentence affirmed by the original panel.

This Court began its analysis by stating a fundamental principle: "assuming jurisdiction below, an accused cannot come to harm by appealing here and securing a reversal of his conviction." 22 USCMA at 110, 46 CMR at 110. This Court stated further that "an accused who obtains review here does not forgo the right to beneficial action taken on his behalf by the Court of Military Review when he secures reversal of that court's action." Id. This Court then held that the first panel decision by the Court of Military Review acquitted the accused of premeditated murder by affirming only the lesser-included offense of unpremeditated murder. This Court explained that Article 66(c), UCMJ, 10 USC § 866(c), "provides a de novo trial on the record at [the] appellate level." Finally, this Court held that the accused was entitled to plead double jeopardy against any attempt of the Court of Military Review to reinstate and affirm the conviction of the greater offense. Id. at 111, 46 CMR at 111.

In Tibbs v. Florida, supra, the Supreme Court held that a defendant was not subjected to double jeopardy when the Florida Supreme Court reversed his convictions of murder and rape, set

aside his death sentence, and ordered a rehearing on the ground that his convictions were legally sufficient but against "the weight of the evidence." Florida v. Tibbs, 337 So. 2d 788 (1976). The Florida Supreme Court acted pursuant to a state procedure that required it to review a conviction where a death sentence had been imposed to determine if "the interests of justice require a new trial." Id. at 790. The Florida court relied on § 921.141(4) of the Florida Statutes and Florida Appellate Rule 6.16(b). The statute provided simply that the judgment of conviction and sentence of death shall be subject to automatic review by the Supreme Court of Florida, and disposition rendered within two years. The statute required that a capital case "shall have priority over all other cases and shall be heard in accordance with rules promulgated by the Supreme Court." Fla.App.Rule 6.16(b) provided that in a capital case, "the appellate court shall review the evidence to determine if the interests of justice require a new trial, whether the insufficiency of the evidence is a ground of appeal or not." The Florida procedure did not empower the Supreme Court to set aside the conviction and dismiss the charges, but only to order a new trial.

We are not persuaded by the Government's argument that Crider was effectively overruled by Tibbs v. Florida. The Florida procedure at issue in Tibbs is fundamentally different from the appellate review provided by Article 66(c). Article 66(c) gives the Courts of Criminal Appeals factfinding power. The legislative history of Article 66(c) makes it clear that Congress intended to give an accused a de novo proceeding on the

merits and to empower the Courts of Criminal Appeals to acquit an accused.  This power of appellate acquittal is fundamentally different from the Florida power to order a new trial.

We also disagree with the Government's argument that Tibbs is authority for permitting reinstatement of an offense of which an accused was acquitted.  The Florida procedure at issue in Tibbs did not permit reinstatement of an offense of which the defendant was acquitted.  It merely offered a defendant a second chance for acquittal.  In our view, granting a new trial under the Florida procedure at issue in Tibbs is more akin to a new trial granted under Article 73, UCMJ, 10 USC § 873, and RCM 1210, Manual for Courts-Martial, United States (2000 ed.), than it is to the appellate acquittal authorized under Article 66(c).  See generally United States v. Brooks, 49 MJ 64 (1998).

For the above reasons, we hold that Crider was not overruled by Tibbs.  We further hold that reinstatement of appellee's conviction of unpremeditated murder and original sentence was prohibited by this Court's holding in Crider.

Finally, even if Crider were not the controlling law, our decision in this case would not be affected, because we hold that under the terms of this Court's remand, the court below was not permitted to reconsider its finding that the evidence of unpremeditated murder was not factually sufficient.  On a remand from this Court, a Court of Criminal Appeals "can only take action that conforms to the limitations and conditions prescribed by the remand."  United States v. Montesinos, 28 MJ 38, 44 (CMA 1989).  This Court remanded the case to clarify "whether that court also found the evidence factually insufficient to support a

7

conviction of a lesser-included offense premised on negligent infliction of the fatal injuries on the baby." 50 MJ 416. A mandate to clarify whether the evidence was insufficient to support a lesser-included offense cannot reasonably be construed to permit reinstatement of the greater offense.

### Appellee's Issue I: Reconsideration of Facts on Remand

Article 66(f) directs the Judge Advocates General to prescribe uniform rules of procedure. Pursuant to this mandate, they have promulgated Rule 19(a), which authorizes reconsideration of decisions. It provides as follows:

> The Court may, in its discretion and on its own motion, enter an order announcing its intent to reconsider its decision or order in any case not later than 30 days after service of such decision or order on appellate defense counsel or on the appellant, if the appellant is not represented by counsel, provided a petition for grant of review or certificate for review has not been filed with the United States Court of Appeals for the Armed Forces, or a record of trial for review under Article 67(b) has not been received by that Court.

44 MJ LXXI (emphasis added).

Article 67(e), UCMJ, 10 USC § 867(e), empowers this Court to "direct the Judge Advocate General to return the record to the Court of Criminal Appeals for further review in accordance with the decision of the court." In United States v. Lincoln, 42 MJ 315, 320 (1995), this Court stated: "If the findings [of a lower court] are incomplete or ambiguous, the 'appropriate remedy . . . is a remand for clarification' or additional findings. See United States v. Kosek, 41 MJ 60, 64 (CMA 1994)."

Once appellee filed a petition for review by this Court, the court below no longer had authority under its Rule 19 to reconsider its findings of fact. We need not decide whether the

court had inherent authority, apart from Rule 19, to reconsider its decision, because the lower court's decision on further review exceeded the scope of the remand.  For the same reason, we need not decide whether reconsideration of findings of fact that a reconstituted panel composed of only one of the three judges who made the initial findings of fact violated United States v. Chilcote, 20 USCMA 283, 43 CMR 123 (1971).[*]

The mandate of this Court was to clarify ambiguous findings. A mandate to clarify a finding that the evidence was insufficient to establish the manner of death does not encompass overturning that finding and substituting specific findings that appellee stuffed a paper towel into the baby's mouth and applied force to the baby's skull.

On the appellate record before us, we cannot reliably determine whether the court below would have found the evidence factually insufficient to support involuntary manslaughter by culpable negligence if it had limited itself to clarification instead of overturning its earlier findings of fact.  Thus, we must again remand the case for clarification.

---

[*] In Chilcote, this Court traced the legislative history of Article 66, including the concern of the drafters about preventing the Judge Advocate General from referring an unfavorable panel decision to another panel for reconsideration. This Court held that en banc reconsideration of a panel decision was not authorized.  In response to the Chilcote decision, Article 66 was amended to specifically authorize en banc reconsideration of a panel decision, but it does not authorize reconsideration by one panel of another panel's decision.

Appellee's Issue II: Sentence Reassessment

In its initial review, the court below was "convinced that, based on the circumstances of this case, the members would have adjudged the maximum available punishment" for involuntary manslaughter.  47 MJ at 609.  On further review, the court concluded, without citation of authority, that its original reassessment criteria were incorrect.  The court explained:

> When we substitute our judgment on findings for those of the court members, it makes no sense to try to determine what the court members would have done had they come to the same conclusion as we did.  We believe under these circumstances, it is appropriate to reassess the sentence on our own.

The court then affirmed the same sentence.  52 MJ at 830.

When prejudicial error occurs at trial, the Court of Criminal Appeals may reassess the sentence instead of ordering a rehearing if the court is convinced that the sentence "would have been at least of a certain magnitude."  United States v. Sales, 22 MJ 305, 307 (CMA 1986).  A sentence rehearing must be ordered if the court "cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred."  Id.

In its opinion on further review, the court below distinguished between legal and factual sufficiency of the evidence in determining how to reassess the sentence.  52 MJ at 830.  In our view, the distinction between legal and factual sufficiency does not change the rules for reassessment.  We hold that if a Court of Criminal Appeals determines that a finding of guilty should not be affirmed, that determination means that the appellant has been wrongly convicted and is entitled to sentence reassessment under the principles announced in Sales.

Because the court below declined to reassess the sentence in accordance with the Sales guidance, we must set aside its reassessment as an abuse of discretion. United States v. Jones, 39 MJ 315, 317 (CMA 1994). In light of the lower court's conclusion that it could not reliably determine what sentence would have been imposed at the trial level absent the error, we will require a sentence rehearing if the court below affirms any finding of guilty. See Sales, 22 MJ at 307.

### Appellee's Issue III:  Ineffective Representation

The premise for this issue was an assumption that counsel had misadvised appellee about the consequences of petitioning this Court for review. In light of our decision regarding the Certified Issue and Appellee's Issue I, this issue is moot.

### DECISION

The decision of the United States Air Force Court of Criminal Appeals on further review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for reconsideration and clarification of its decision, based on the facts as found by the court below on its initial review and the terms and limitations of our prior remand. If the court below affirms a conviction of any offense, it will order a sentence rehearing.

United States v. Riley, No. 98-0146/AF, No. 00-5003/AF

CRAWFORD, Chief Judge (concurring in part and dissenting in part):

   I agree with the majority that Tibbs v. Florida, 457 U.S. 31 (1982), did not overrule United States v. Crider, 22 USCMA 108, 46 CMR 108 (1973), and that Crider is the controlling precedent in this case.  Accordingly, we have properly answered the certified question in the negative.

   Also, I join the majority in remanding this case to the Court of Criminal Appeals.  The court below failed to act within the scope of our previous mandate and to clarify its holding based on the ambiguous facts of record.

   Our previous mandate permits a reevaluation of the evidence supporting the Government's theory of guilt.  See, e.g., Pros. Ex. 37.  This mandate did not permit reinstatement of a previously set aside conviction, or substitution of a finding of guilty barred on due process grounds.  The Court of Criminal Appeals was simply required to make clear its specific findings of fact based on the evidence of record.  In this regard, I join Judge Sullivan's concurrence.  Clarification of a holding or judgment permits a court to conform the judgment to the facts, so that it speaks the truth.  Truth-finding within constitutional, statutory, and ethical considerations remains the essential purpose of any trial.  See Nix v. Whiteside, 475

U.S. 157, 174 (1986); United States v. Johnston, 41 MJ 13, 16 (CMA 1994). Accordingly, another remand is necessary to clarify and evaluate the facts based on the theory of guilt espoused by the Government at appellant's court-martial.

Finally, while I agree that sentence reassessment is necessary, I disagree with the majority's declaration that a second reassessment by the Court of Criminal Appeals in this case is not practicable. The appellate history of this court-martial points to the fact that reconsideration on remand should be undertaken by a panel of the court that has never been involved in any previous fact-finding. If this case is remanded to judges who have had no previous involvement, and who never espoused an inability to reassess the sentence under the guidelines of United States v. Sales, 22 MJ 305 (CMA 1986), then there is no necessity for that panel to abstain from performing a sentence reassessment.

SULLIVAN, Judge (concurring in part and dissenting in part):

Appellant was charged with the premeditated murder of her baby (Article 118(1), UCMJ, 10 USC § 918(1)), but the members found her guilty of the unpremeditated murder of this newborn. Article 118 (2), UCMJ.  The Court of Criminal Appeals, in its first decision in this case, set aside appellant's conviction for unpremeditated murder based on the factual insufficiency of the evidence of her intent to kill.  47 MJ 603 (1997).  It affirmed a conviction of a lesser offense of involuntary manslaughter, in violation of Article 119, UCMJ, 10 USC § 919, based on her culpably negligent conduct in obstructing medical care for her child.  We set aside that finding of guilty on legal grounds because the particular prosecution theory on which the appellate court found involuntary manslaughter was not submitted to the military jury.  See United States v. Standifer, 40 MJ 440, 445 (CMA 1994).

Our prior opinion remanding this case (50 MJ 410 (1999)) did not suggest that the lower appellate court could reconsider appellant's guilt of premeditated murder under Article 118(1), UCMJ, or unpremeditated murder under Article 118(2), UCMJ. However, we did permit reconsideration of appellant's guilt of involuntary manslaughter or negligent homicide.  We stated:

> It is not clear, however, whether that
> court [the Court of Criminal Appeals] also

> found the evidence factually insufficient
> to support a conviction of a lesser-
> included offense premised on negligent
> infliction of the fatal injuries on the
> baby.  Accordingly, we will remand the
> case to the court below for clarification
> of its decision and reconsideration under
> correct legal principles.

50 MJ at 416.

Since the appellate court below had previously approved a finding of guilty to involuntary manslaughter under Article 119(b)(1), UCMJ, and we set it aside on the basis of legal error, a retrial on this offense and lesser-included offenses was permitted.  See Article 67(d), UCMJ, 10 USC § 867(d).  The lower court's present findings of guilty to involuntary manslaughter based on a different theory of culpable negligence did not per se violate our remand order.  52 MJ 825 (2000).

The prior opinion of this Court also did not prohibit the appellate court below from reconsidering the evidence in this case and making specific findings of fact supporting a finding of killing by culpable negligence or simple negligence. The premise of our earlier remand was that no clear findings as a matter of fact and law could be discerned on these issues.  (What factually happened, and did it constitute culpable or simple negligence?) In particular, there were no findings of fact in this case by the appellate court below that appellant did not stuff a paper towel into her baby's mouth and apply force to the baby's skull in a certain manner.

The majority opines that the appellate court below erred in making new findings of fact in this case to support a finding of guilty to a lesser-included offense of involuntary manslaughter. It states:

> The mandate of this Court was to clarify ambiguous findings.  <u>A mandate to clarify a finding that the evidence was insufficient to establish the manner of death</u> does not encompass overturning that finding and substituting specific findings that appellee stuffed a paper towel into the baby's mouth and applied force to the baby's skull.

___ MJ at <u>(9)</u> (emphasis added).

As noted above, we previously concluded that the appellate court below in its initial opinion did not make such a finding, and it only held that "the evidence [was] factually insufficient to support a conviction of unpremeditated murder."  50 MJ at 416. Moreover, if the majority's new expansive view of the lower court's first holding is correct, <u>this case should not have been remanded to the Court of Criminal Appeals in the first place</u>. This is because both lesser-included offenses require proof that appellant's negligence caused the victim's death, which could not exist if the manner of death cannot be determined.  <u>See</u> paras. 44b(2)(b) and 85b(2), Part IV, Manual for Courts-Martial, United States (2000 ed.).

Nevertheless, the Court of Criminal Appeals did not properly affirm a finding of guilty for involuntary manslaughter under Article 119(b)(1), UCMJ. Our remand order also stated:

> Reconsideration must be consistent with our holding that culpability based on the withholding of medical care, either intentionally or negligently, was never submitted to the trier of fact and thus is precluded as a basis for affirmance, as a matter of due process.

50 MJ at 416. The appellate court below affirmed this case on the basis of another theory of guilt not actively pursued at trial by the prosecution, i.e., "appellant stuffed a paper towel in her baby's mouth to muffle any cries and then applied force to the skull of her infant in a gross and reckless manner which, when viewed in the light of human experience, might forseeably result in the infant's death." 52 MJ at 829. Accordingly, for the same reason the lower court's earlier affirmance of involuntary manslaughter was previously reversed, we must reverse again. See 50 MJ at 415-16.

Accordingly, once again, I agree that a remand in this case is warranted to make clear the findings of the appellate court below. It should consider whether particular lesser-included offenses occurred, either involuntary manslaughter under Article 119(b)(1), UCMJ, or negligent homicide under Article 134, UCMJ, 10 USC § 934, based on the negligent birthing theory of guilt espoused by prosecution at trial. (R. 539, 551, 555)