# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ORVAL W. GOULD, JR.**
**United States Army, Appellant**

ARMY 20120727

Headquarters, 3rd Infantry Division and Fort Stewart (convened)
Headquarters, Fort Stewart (action)
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Kent Herring, Acting Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter E. Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on brief); Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Amanda R. McNeil Williams, JA (on additional brief following remand).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief); Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on additional brief following remand).

17 May 2017

---------------------------------------------------------------------------------
MEMORANDUM OPINION ON REMAND ON RECONSIDERATION
---------------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MULLIGAN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of indecent liberty with a child and production of child pornography in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 934 (2006 & Supp. IV 2011). The convening authority approved the adjudged sentence of a bad-conduct discharge, three years confinement, and reduction to the grade of E-1. The convening authority credited appellant with two days against the sentence to confinement.

This case has a long appellate history. Our court previously conducted an appellate review of this case pursuant to Article 66, UCMJ, affirming appellant's conviction for production of child pornography in violation of Article 134, UCMJ, and only so much of the finding of guilty as to the Article 120, UCMJ, offense as provided that appellant committed the lesser-included offense of indecent act in violation of Article 120(k), UCMJ. *United States v. Gould*, ARMY 20120727, 2014 CCA LEXIS 694 (Army Ct. Crim. App. 16 Sept. 2014) (summ. disp.). We affirmed the sentence after conducting a reassessment pursuant to *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). *Gould,* 2014 CCA LEXIS 694 at *3.

The Court of Appeals for the Armed Forces (CAAF) subsequently reversed this court's decision as to the production of child pornography charge (Specification 1 of Charge II) and the sentence, but affirmed the remaining findings of guilty as affirmed by this court. *United States v. Gould*, 75 M.J. 22 (C.A.A.F. 2015). The CAAF returned the record to The Judge Advocate General for remand to this court for further consideration of the child pornography specification in light of that court's holding in *United States v. Blouin*, 74 M.J. 247 (C.A.A.F. 2015). *Gould,* 75 M.J. at 22.

This court conducted further review of the production of child pornography charge pursuant to our superior court's direction. A majority set aside the production of child pornography specification after viewing the non-nude images anew and determining "we are not convinced that the images legally support the findings of guilt." *United States v. Gould*, 2016 CCA LEXIS 499 (Army Ct. Crim. App. 5 Aug. 2016) (mem. op.). We again reassessed the sentence in accordance with *United States v. Sales,* 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann,* 73 M.J. 11, 15-16 (C.A.A.F. 2013), and affirmed only so much of the approved sentence as provided for a bad-conduct discharge, thirty months confinement, and a reduction to E-1. *Gould,* 2016 CCA LEXIS 499 at *5. We thereafter granted the government's timely motion for reconsideration and we now revisit our decision.

## LAW AND DISCUSSION

When conducting a review on remand from our superior court we are limited in our review by the order and direction of our superior court. *United States v. Riley*, 55 M.J. 185 (C.A.A.F. 2001). Here, the CAAF granted review of our previous decision on the issue of "whether the evidence is legally and factually insufficient to sustain a conviction of production of child pornography where the images in question do not meet the definition of child pornography." *Gould*, 74 M.J. 219 (C.A.A.F. 2015). The CAAF did not decide the granted issue but remanded to us with the direction "for further consideration in light of *Blouin*." *Gould*, 75 M.J. at

2

22. Given the CAAF grant of legal and factual sufficiency and the direction for reconsideration in light of *Blouin*, we conduct a review using our full authority.

In *Blouin*, our superior court rejected the application of *United States v. Knox* (*Knox II*), 32 F.3d 733 (3d Cir. 1994), as controlling precedent. *Blouin*, 74 M.J. at 250. Adopting *Knox II* would have made clear that non-nude images could be child pornography under 18 U.S.C. § 2256(8). While the CAAF rejected adopting *Knox II,* they did not adopt another standard in its place. The CAAF never answered the question of whether non-nude images could constitute child pornography under 18 U.S.C. § 2256(8). Our decision on remand and reconsideration is limited to the four non-nude pictures before us.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *Id*. "[A]fter weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of the [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

"Whether any given image does or does not display the genitals or pubic region is a question of fact, albeit one with legal consequences." *United States v. Piolunek*, 74 M.J. 107, 108 (C.A.A.F. 2015). Here, the military judge, in finding appellant guilty of producing child pornography, found four images taken by appellant of Ms. KO constituted a lascivious exhibition of her genitals or pubic area. *See* 10 U.S.C. § 2256(8)(A); 10 U.S.C. 2256(2)(A)(v). In each of these images, Ms. KO's pubic area was covered by underwear. We have re-examined these four photographs in light of the non-exclusive factors set forth by our superior court in *United States v. Roderick*, 62 M.J. 425, 429 (C.A.A.F. 2006) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D.Cal. 1986)) for determining if they represent a "lascivious exhibition." Viewing the images under a totality of the circumstances,

we are not convinced that the images factually or legally support the findings of guilty.[1]

**CONCLUSION**

Specification 1 of Charge II is set aside and DISMISSED. The CAAF previously affirmed the remaining findings of guilty to the lesser-included offense of indecent act for the other specification, and we are bound by that affirmation. *Gould*, 75 M.J. at 22.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *Winckelmann*, 73 M.J. at 15-16, and *Sales*, 22 M.J. at 307-08.

In conducting a sentence reassessment, a CCA must "assure that the sentence is appropriate in relation to the affirmed findings of guilty, [and] that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *Sales,* 22 M.J. at 307-08 (quoting *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985)). "[I]f the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error. . . ." *Sales*, 22 M.J. at 308.

First, the dismissal of Specification 1 of Charge II reduces appellant's punitive exposure from thirty-five to five years. However, this factor is not dispositive. Second, appellant was tried and sentenced by a military judge sitting alone. Third, the gravamen of the criminal conduct within the original offenses remains substantially the same. Appellant remains convicted of committing an indecent act upon Ms. KO. The appellant's photography of Ms. KO, while perhaps not production of child pornography, was nonetheless an admissible aggravating circumstance surrounding the indecent act. *See* Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(4). Finally, the remaining offense is of the type with which this court has experience and familiarity, and can reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the military judge sitting alone as a general court-martial, would have imposed a sentence of at least a bad-conduct discharge, confinement for thirty months, and a reduction to the grade of E-1.

---

[1] We need not answer here the question whether a lascivious exhibition requires actual nudity. *See Blouin*, 74 M.J. at 256-57 (Baker, J., dissenting). Assuming nudity is not a requirement, we would still come to this conclusion.

GOULD — ARMY 20120727

Reassessing the sentence based on the noted errors and the entire record, we AFFIRM only so much of the approved sentence as provides for a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Judge PENLAND concurs.

WOLFE, Judge, dissenting:

I disagree with the majority opinion in two regards. First, because of the appellate posture of this case I do not believe we have the authority to conduct a factual sufficiency review. Second, I find the evidence to be legally sufficient.

*A. Authority to Conduct a Factual Sufficiency Review*

I do not believe this court has the authority to reconsider the factual sufficiency of the evidence in this case when the remand to this court was for consideration of an issue of law. As our superior court has stated "on a remand from this Court, a Court of Criminal Appeals 'can only take action that conforms to the limitations and conditions prescribed by the remand.'" *Riley*, 55 M.J. at 188 (citing *United States v. Montesinos,* 28 M.J. 38, 44 (C.M.A. 1989).

This court already conducted a factual sufficiency review in this case. The court found the evidence factually sufficient. *Gould*, 2014 CCA LEXIS 694 at *2. The CAAF then granted appellant's petition for review. *Gould*, 74 M.J. at 219.

As a general rule, this court does not conduct a new factual sufficiency review each time a case is remanded to us from our superior court. Because of changes in judicial assignments, often by the time the case returns to us different judges are assigned to consider the case on remand. (Indeed, that is the case here). We do not reread the entire record of trial and conduct a second de novo review of the record of trial unless such a review is required by the remand. In most cases, as the CAAF is a court of law, remands are therefore limited to questions of law. However, when we erred as a matter of law in *how* we conducted a factual sufficiency review, the CAAF may remand the case to us to conduct a full Article 66(c) review anew. *See e.g. United States v. Swift*, 76 M.J. __, 2017 CAAF LEXIS 299 (C.A.A.F. 2017) (directing a new Article 66(c), UCMJ, review).

The majority opinion correctly states the CAAF granted appellant's assigned issue of whether the evidence was "*factually* and legally sufficient." *Gould*, 74 M.J. at 219. (emphasis added). As CAAF granted the petition on the issue of factual

5

sufficiency, the majority therefore finds that the remand included the authority to conduct a review for factual sufficiency. As a matter of logic, I would agree.

However, the same logic runs us head first into Article 67(c), UCMJ, which limits the CAAF to "tak[ing] action only with respect to matters of law." 10 U.S.C. § 867(c) (2012).[2]

The question, therefore, is what is the meaning when the CAAF granted a petition to determine if the evidence was factually sufficient? Was this language a scrivener's error or was it a substantive determination that our superior court intended to review the case for factual sufficiency?

It is not this court's place to define the limits of our superior court's jurisdiction. Therefore, if the CAAF did indeed grant the petition to review this case for factual sufficiency, under stare decisis, we would still follow it. This is the majority's approach.

However, given the clear language of Article 67, UCMJ, and the CAAF's numerous opinions that clearly state they are a court of law, I am inclined to not read too much into the wording of the order granting appellant's petition. It is possible, for example, that the wording of the assigned error to this court (which would naturally include factual sufficiency) was copied into the petition and the subsequent order.

Accordingly, I would limit our review in this case to questions of law. Specifically, whether in light of *Blouin*, the evidence is legally sufficient to qualify as child pornography.

### B. Legal Sufficiency

I find the evidence in this case legally sufficient because of how I answer two threshold questions. First, in line with our superior court's decisions, I find I am allowed to look at the "totality of the circumstances" surrounding how the image in question was taken. Second, I do not interpret *Blouin* as requiring that an image display nudity to qualify as child pornography. Indeed, I believe a close reading of *Blouin* suggests that nudity is *not* required.

---

[2] The CAAF's review of a Court of Criminal Appeals (CCA) is limited to questions of law. The CAAF may not make factual determinations. *United States v. Travis*, 66 M.J. 301 (C.A.A.F. 2008).

*1. How the Images Were Created*

The circumstances surrounding how the images were taken were as follows: Appellant, while babysitting an eight year old girl, had her try on underwear while he took pictures with his cellphone. That is, appellant had girls' underwear at the ready. He also had her sleep in his bed, and she testified that appellant had "spied" on her while in the bathroom. Appellant told police he did these actions because he was attracted to the girl "in some form of fashion" and admitted that the pictures were "part of his pornography."

One of the pictures is an extreme close up of the girl's groin. While she is wearing loose fitting underwear in the picture, her genital area is not merely "the focal point" of the image–it is the *entire* image. In another image the girl wears tighter fitting underwear and one can depict (slightly) the outline of her labia.[3] The record makes clear these images were taken for the purpose of satisfying appellant's sexual desires.

In *United States v. Roderick*, 62 M.J. 425, 429-30 (C.A.A.F. 2006), the CAAF adopted the *Dost* factors. *See United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987). In *Roderick*, the CAAF adopted the approach of federal courts in determining "whether a particular photograph contains a 'lascivious exhibition' by combining a review of the *Dost* factors with an overall consideration of the totality of the circumstances." *Roderick*, 62 M.J. at 430.

Included in the "totality of the circumstances" in that case was evidence outside the four corners of the image to include appellant's admissions of downloading and possessing "numerous images of child pornography" and "morning rituals" of viewing and presumably masturbating to child pornography. *Id*.

Thus, *Roderick* clearly stands for the proposition that the "circumstances" surrounding how the image was taken and how it was possessed are part of the "totality of the circumstances" that may be considered in determining whether an image constitutes child pornography. A picture taken for medical diagnosis and treatment, for example, is reviewed differently than a picture that was part and

---

[3] I will concede that whether this is a shadow or the outline of the victim's labia is a close call. Looking at the same image at the same time we have come to different conclusions. If the question of *factual sufficiency* was before us, and if the outline of the genitals was required as a matter of law, I would have no quarrel with those who see the image differently than I and found the image factually insufficient. When deciding questions of fact, it is expected that different judges will weigh evidence differently and therefore arrive at different conclusions.

parcel to a child's sexual exploitation.  Here, these images were taken in order to facilitate appellant's sexual attraction to an eight-year-old girl when appellant was purportedly acting *in loco parentis*.  As appellant admitted, the images were "part of his pornography."  The totality of the circumstances weighs in favor of finding the specification legally sufficient.

### 2.  Is Nudity Required?

The remand directed us to reconsider this case in light of *Blouin*.  As *Blouin* involved an improvident plea and this case was contested, applying *Blouin* directly to the facts in this case presents some problems.

Initially when reading *Blouin*, I did not read the case in the light of its ultimate holding.  *Blouin* did *not* determine whether the images in question were child pornography or not.  The CAAF set aside the findings in *Blouin* because the military judge did not adequately conduct a providence inquiry explaining the law and therefore "Blouin could not have an understanding as to how the law related to his factual admissions."  *Blouin*, 74 M.J. at 252.

Specifically, the appellant in *Blouin* "was not advised as to which of the three subsections [of 18 U.S.C. § 2256(8)] he was charged with."  *Blouin,* 74 M.J. at 252.  The CAAF summarized the subsections as follows:

> The distinctions between the subsections are not inconsequential.  For example, if an accused were charged under subsection (A), the government would not need to prove the images at issue were 'graphic,' but would need to prove the images were of real children.  *Compare* 18 U.S.C. § 2256(8)(A), *with* 18 U.S.C. § 2256(8)(B).  If charged under subsection (B), the government would need to prove the digital images were both graphic and lascivious, but would not be required to show the minors were actual children.  *Id*.

*Blouin*, 74 M.J. at 250.

If non-nude images were *per se* not child pornography, the entire discussion and holding in *Blouin* would be beside the point.  It would not have mattered which subsection appellant was charged with violating, as the charges would have fallen short under *every* subsection.  The CAAF would not have taken the military judge to task for failing to explain the law to appellant because *no explanation* would have been sufficient.

Instead, the CAAF described the differences between the subsections as "*not inconsequential.*" *Id*. (emphasis added). In other words, which subsection was at play would be consequential in the case. The natural reading of the CAAF's decision is that had the military judge instructed appellant on the difference in the subsections, and had appellant admitted the facts necessary, appellant could have been found guilty of the offense.

A final point shows the CAAF's narrow holding in *Blouin*. After setting aside the findings, the CAAF authorized a rehearing in *Blouin*. If the images were not child pornography as a matter of law—that is legally insufficient—a rehearing would be improper. *See* UCMJ art. 44 (Former Jeopardy).

Put differently, the CAAF never answered in *Blouin* the question of whether nudity is required to constitute child pornography. While the CAAF clearly rejected application of *Knox II* to military justice practice, I do not believe the CAAF intended *Blouin* to be an articulable standard in its place. *Blouin* is, after all, about a rejected guilty plea.

I suspect the question in front of us is easier than we have made it. When we initially decided this case, we presumably followed *Knox II* as it was the precedent of this court at the time. The CAAF in *Blouin* rejected *Knox II*. The CAAF remanded the case to us to see if we reach the same result without relying on *Knox II*.

I answer that question affirmatively.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court