CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before the Court Sitting *En Banc*[1]

**UNITED STATES, Appellee**
**v.**
**Sergeant ERIC F. KELLY**
**United States Army, Appellant**

ARMY 20150725

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Major Michael P. Baileys, Acting Staff Judge Advocate

For Appellant:  Zachary Spilman, Esquire (argued); Lieutenant Colonel Christopher D. Carrier, JA; Zachary Spilman, Esquire (on brief and reply brief).

For Appellee:  Captain Sandra Ahinga, JA[2] (argued); Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Wayne H. Williams, JA; Captain Joshua Banister, JA (on brief).

30 November 2018

---------------------------------------------------
OPINION OF THE COURT ON REMAND
---------------------------------------------------

WOLFE, Judge:

We issued an initial decision on this case on 5 July 2017.  In our initial decision, we determined that we lacked the authority to set aside a dishonorable discharge that was a mandatory sentence under Article 56(b) of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 856(b) (2012 & Supp. I 2014).  *United States v. Kelly*, 76 M.J. 793, 806-07 (Army Ct. Crim. App. 2017).  Accordingly, because we viewed our authority as limited, we declined to consider whether appellant's dishonorable discharge was an appropriate sentence under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012).  *Id.* at 807.  The Court of Appeals for the Armed Forces (CAAF) disagreed, determined we did have the power to set aside a mandatory punitive discharge, and remanded the case back to us.  *United States v. Kelly*, 77 M.J. 404 (C.A.A.F. 2018).

---

[1] Judge Schasberger took no part in this case as a result of her disqualification.

[2] Corrected

The circumstances of this case are adequately laid out in our initial opinion. *See Kelly*, 77 M.J. at 795-96.

**DISCUSSION**

*A. The Scope of the Remand*

The threshold issue we must decide today is the scope of the CAAF's remand.[3]  Appellant argues that the remand is broad and that we must consider additional assignments of error that he has submitted on appeal, and determine whether the findings and sentence are correct in law and fact, and should be approved.  The government, by contrast, argues that the scope of the CAAF's remand is narrow.

We begin with a discussion of our superior court's opinion.

1. The Decision by the Court of Appeals for the Armed Forces

After we issued our initial opinion, the CAAF granted review on two unrelated issues.

The first, as discussed above, was to determine whether our authority under Article 66(c), UCMJ, extends to setting aside mandatory dishonorable discharges. We determined we lacked that authority.  The CAAF found we had erred.  *Kelly*, 77 M.J. at 408.

The second issue was whether we had erred in applying the wrong standard when reviewing the case for improper argument.  The second issue included claims of error in both the findings and sentencing argument.  The CAAF found that we had erred in applying waiver, but that "[a]ppellant was not prejudiced" by the error as we had also tested for plain error.  *Kelly*, 77 M.J. at 405 n.1.

Having resolved the two claims, the CAAF returned the case to this court.  We begin our analysis, as we must, with the plain language of our superior court's order. The CAAF's order stated, in its entirety:

> The judgment of the United States Army Court of
> Criminal Appeals [(ACCA)] is set aside.  The record of
> trial is returned to the Judge Advocate General of the
> Army for remand to the United States Army Court of
> Criminal Appeals for an assessment of sentence

---

[3] The court sitting *en banc* heard oral argument on this issue on 13[*] November 2018.

[*] Corrected

> appropriateness pursuant to Article 66(c), UCMJ, 10
> U.S.C. § 866(c) (2012), consistent with this decision.

*Id.* at 408. Broadly, appellant focuses on the first line of the order. The government focuses on the second. We will take each clause in turn.

### 2. "The judgment of [ACCA] is set aside."

Appellant argues that when the CAAF set aside our "judgment," the CAAF's order necessarily set aside both our affirmance of the findings and sentence. If no findings are currently affirmed, so goes appellant's argument, we must affirm or set aside the findings so that the case may progress through the appellate process under Articles 66 and 71, UCMJ. So, if we must consider anew the findings, we must address appellant's additional assignments of error. Appellant further notes that the CAAF has, in other cases, specifically affirmed the findings while simultaneously setting aside the sentence and remanding the case for additional proceedings. *See, e.g.*, *United States v. Jerkins*, 77 M.J. 225, 229 (C.A.A.F. 2018); *United States v. Chikaka*, 76 M.J. 310, 314 (C.A.A.F. 2017). Appellant asserts that because the CAAF did not do so in this case, they did not intend for our review to be limited.

Appellant's argument is persuasive when the reader is limited to the first sentence of the remand. It is also a persuasive understanding of the intersection of Articles 66, 67 and 71, UCMJ. But we see that reading as inconsistent when read with the history of the case.

The CAAF's opinion addressed only one alleged error of law that would affect the findings in this case.[4] That issue was the alleged improper findings argument by the trial counsel. However, the CAAF resolved that error in a footnote, granted no relief, and found appellant had not been prejudiced. *Kelly*, 76 M.J. at 405 n.1. We see no legal basis in the CAAF's opinion that supports that CAAF set aside our findings decision based on an error of law. To read their remand as a *decision* setting aside the findings without an error of law would be inconsistent with our understanding of how military appellate courts review errors of law. *See* Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2012) ("The [CAAF] shall take action only with respect to matters of law."); Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012) (establishing the standard for reversing findings based on errors of law).

We can resolve this tension by turning to our superior court's decision in *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). Although appellant argues that it is only persuasive authority, there the CAAF explained how we should treat their remands:

---

[4] CAAF was presented with additional multiple assignments of error by appellant regarding the findings phase but did not grant review.

> When this Court sets aside the decision of a Court of Criminal Appeals and remands for further consideration, we do not question the correctness of all that was done in the earlier opinion announcing that decision. All that is to be done on remand is for the court below to consider the matter which is the basis for the remand and then to add whatever discussion is deemed appropriate to dispose of that matter in the original opinion. The original decretal paragraph of the Court of Military Review's opinion . . . is not affected by the set-aside order *unless resolution of the matter which is the subject of the remand dictates a different result.* The amended opinion then becomes the decision which is subject to our review. This procedure does not permit or require starting the review process anew or setting aside action favorable towards an accused on other grounds.

*Ginn*, 47 M.J. at 238 n.2 (citation omitted) (emphasis added). Under the framework announced by *Ginn* our initial decision affirming the findings "is not affected" by the CAAF's decision, unless reexamining findings is necessary for the purpose of the remand. *See id.* As the purpose of the remand was for an "assessment of sentence appropriateness," a reexamination of findings is not required, and perhaps may not be "permit[ted]." *See id.*

### 3. "The record of trial is returned to [ACCA] . . . ."

The CAAF's rules of court distinguish between when the CAAF remands "the case" and when the CAAF remands the "record of trial." Rules of Practice and Procedure United States Court of Appeals for the Armed Forces, [C.A.A.F. R.] R. 30A (as amended through June 22, 2017). The CAAF "may . . . order a remand of the case *or* the record to the Court of Criminal Appeals." *Id.* (Emphasis added). There is a significant difference between remanding the case and remanding the record. The rule explains:

> If the record is remanded, the [CAAF] retains jurisdiction over the case. If the case is remanded, the [CAAF] does not retain jurisdiction, and a new petition for grant of review or certificate for review will be necessary if a party seeks review of the proceedings conducted on remand.

4

*Id.* Here, the CAAF remanded the record of trial, not the case. If we read this correctly,[5] our authority in this case is limited, as the CAAF has retained jurisdiction over the case. Or put differently, our jurisdiction on the case only extends to the subject of the remand.

### 4. "[F]or an assessment of sentence appropriateness . . . ."

All parties agree that the CAAF's remand clearly mandates that this court must conduct a sentence appropriateness review. The disagreement is on what else we may (or must) do.

The closest case law we have found on point is appellate litigation of *United States v. Riley*, 47 M.J. 603 (A.F. Ct. Crim. App. 1997). The CAAF would eventually issue three opinions in that case.[6] It is the first two, however, that shed light on our issue here. Broadly, when the case returned to CAAF after a remand, the CAAF in *Riley II* found that the Air Force Court of Criminal Appeals (AFCCA) had exceeded the scope of the remand when they used their Article 66(c) factfinding authority to address matter not required by the remand. *See Riley II*, 55 M.J. at 187-89.

When *Riley* was first at the AFCCA, our sister court found the evidence of murder to be factually insufficient. 47 M.J. at 608. However, the AFCCA affirmed a lesser-included offense of involuntary manslaughter by culpable negligence. *Id.*

At CAAF, the issue in *Riley I* was whether it was permissible to convict the accused on a theory of manslaughter that had not been presented to the panel. 50 M.J. at 415-16. The CAAF found that AFCCA erred by affirming the conviction of the lesser-included offense. *Id.* at 416. The CAAF then requested clarification from AFCCA on the findings because it was unclear whether the AFCCA also found evidence factually insufficient to support a conviction of a lesser-included offense premised on a different theory. *Id.* The CAAF in *Riley I* returned the case to the AFCCA using language similar to the remand we received in this case:

---

[5] The quoted language is from the CAAF's rule on remands for factfinding. The remand here was for a sentence appropriateness review. While sentence appropriateness review may involve factfinding, and is part of our broad Article 66(c) authority, we do not see it as a pure question of fact. While we see no reason why the CAAF would use the same language differently when remanding a case for a sentence appropriateness review, we are cautious about reading too much from *our* interpretation of our superior court's rules.

[6] *United States v. Riley*, 50 M.J. 410 (C.A.A.F. 1999) [*Riley I*]; *United States v. Riley*, 55 M.J. 185 (C.A.A.F. 2001) [*Riley II*]; *United States v. Riley*, 58 M.J. 305 (C.A.A.F. 2003) [*Riley III*].

> The decision of the United States Air Force Court of
> Criminal Appeals is reversed. The record of trial is
> returned . . . for remand to the Court of Criminal Appeals
> for clarification of its holding and reconsideration
> consistent with the principles of due process set out [in the
> opinion].

*Id.*

On remand from *Riley I*, the AFCCA concluded that it lacked the power to revisit its earlier finding that the evidence was insufficient to support the unpremeditated murder conviction. *United States v. Riley*, 52 M.J. 825, 827 (A.F. Ct. Crim. App. 2000). Acting under the belief that the case had been returned with their full Article 66(c) authority intact, the AFCCA affirmed a conviction of involuntary manslaughter, this time based on facts presented to the panel. *Id.* at 828-30. In doing so, AFCCA reconsidered and modified its previous findings of fact, rather than clarifying the findings as the CAAF's order directed. *See Riley II*, 55 M.J. at 189.

When the case returned to the CAAF, the first issue in *Riley II* was whether the AFCCA had the power to reinstate the original conviction for unpremeditated murder.[7] *Id.* at 187. The CAAF held that under the terms of the original remand, the AFCCA was *not* permitted to reconsider its finding that the evidence of unpremeditated murder was not factually sufficient.[8] *Id.* at 188. The CAAF stated that "a Court of Criminal Appeals 'can only take action that conforms to the limitations and conditions prescribed by the remand.'" *Id.* (quoting *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989)). The CAAF concluded, "[a] mandate to clarify whether the evidence was insufficient to support a lesser-included offense cannot reasonably be construed to permit reinstatement of the greater offense." *Riley II*, 55 M.J. at 188.

Addressing the remaining assignments of error, the CAAF also found that the lower court erred when it reconsidered factual determinations made in its initial opinion. *See id.* at 189. As a result, the CAAF found that the AFCCA exceeded the

---

[7] The CAAF also considered three additional issues of law. One of the additional issues, relevant to this discussion, was whether, upon a remand from CAAF, a Court of Criminal Appeals (CCA) may reconsider and change findings of fact favorable to the defense, if it concludes on reconsideration that its earlier findings of fact were clearly erroneous. *Riley II*, 55 M.J. at 187.

[8] The CAAF found two reasons why the AFCCA did not have the power to reinstate the original conviction, only one of which was that the CCA had exceeded the scope of the remand. *See Riley II*, 55 M.J. at 188. However, we do not see the CAAF's language as being dicta, as it was a specific holding of our superior court.

authority of the remand. *Id.* The CAAF reiterated the scope of the remand and stated, "a mandate to clarify a finding . . . does not encompass overturning that finding and substituting specific findings . . . ." *Id.*

Applying the CAAF's reasoning in *Riley II* to this case, the scope of the remand is limited to determining the appropriateness of the appellant's sentence in light of our superior court's decision in this case. A remand "for an assessment of sentence appropriateness" cannot "reasonably be construed" to include consideration of issues that only affect the findings. If for example, we were to consider an assignment of error that went only to findings, and used our fact-finding authority under Article 66(c), UCMJ, to assist in resolving the error, it would be hard to distinguish our action from the AFCCA's improper actions in *Riley*.[9]

Having construed the remand, we now turn to the issue of whether appellant's sentence to a dishonorable discharge for abusive sexual contact and sexual assault is an appropriate punishment.

### B. The Sentence is Appropriate.

Appellant argues that his sentence to a dishonorable discharge is inappropriately severe when considering the facts of his case. We disagree.

Article 66(c), UCMJ, provides, in relevant part, that we "may affirm . . . the sentence or such part or amount of the sentence, as [we] find correct in law and fact and determine[], on the basis of the entire record, should be approved." Stated another way, we must determine whether we personally find appellant's sentence to be appropriate. *See United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005). In making this assessment, we give "individualized consideration of the particular accused on the basis of the nature and seriousness of the offenses and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citations omitted).

Appellant stands convicted of abusive sexual contact and sexual assault of a fellow soldier. For these offenses, he received a sentence to a dishonorable

---

[9] At oral argument, appellant noted that a narrow reading of the CAAF's mandate could prevent this court from addressing case dispositive developments in the law. *See, e.g.*, *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). In such a case, nothing would prevent us from noting the issue and suggesting to the CAAF that the case might be returned to this court with an expanded mandate. Or, if a remand is viewed as too narrow, an appellant can also request reconsideration of the CAAF's opinion and seek an expanded remand. These actions reflect that it is the CAAF that controls the scope of the remand, not the parties or this Court.

discharge, confinement for one year, forfeiture of all pay and allowances, and a reduction to the grade of E-1.

Appellant faced thirty-seven years confinement based on his convictions. In our review of the record, the sentence to confinement for one year was more than appropriate, if not lenient. Likewise, a dishonorable discharge, in our assessment, remains appropriate when considering not only the appellant, but the seriousness of his crimes.

For these reasons, we find appellant's sentence, to include the dishonorable discharge, appropriate.

## CONCLUSION

Upon consideration of the matters remanded to this court, the findings of guilty and the sentence remain AFFIRMED. The Clerk of Court is directed to return the record of trial to the CAAF.

Chief Judge BERGER, Senior Judge MULLIGAN, Senior Judge BURTON, Judge FEBBO, Judge SALUSSOLIA, Judge HAGLER, Judge ALDYKIEWICZ, and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

8