UNITED STATES, Appellee,

v.

Roosevelt B. VINES, Jr., Specialist Four, U.S. Army, Appellant.

No. 42828.

CM 15488.

U. S. Court of Military Appeals.

April 18, 1983.

For Appellant: *Captain Thomas R. Peppler* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Captain David M. England* (on brief); *Colonel William G. Eckhardt.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Paul K. Cascio* (on brief); *Colonel James Kucera.*

*Opinion*

COOK, Judge:

On December 30, 1980, the Judge Advocate General of the Army directed that the record of trial in the accused's case be referred for review by the Court of Military Review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

On the same date the Deputy Clerk of Court, acting by direction of the Chief Judge of the Court of Military Review, assigned the case to Panel No. 4 for review. There the mischief began. Apparently through "administrative or clerical error" the case "was inadvertently delivered to panel 5" and this error was not discovered until after Panel 5 published its Memorandum Opinion one year later on December 30, 1981. *See* affidavit of James D. Kemper, Jr., Clerk of Court, June 7, 1982.[1]

In the issue we granted the accused asked:

WHETHER THE PURPORTED REVIEW AND DECISION OF PANEL FIVE OF THE ARMY COURT OF MILITARY REVIEW IS A NULLITY AS THE INSTANT CASE HAD NEVER BEEN REFERRED TO THAT PANEL FOR REVIEW AND THUS THAT PANEL HAD NO JURISDICTION TO RENDER A DECISION IN THE INSTANT CASE.

We answer in the negative and affirm.

The service Courts of Military Review are established by Article 66, UCMJ, 10 U.S.C. § 866, which provides in pertinent part:

(a) Each Judge Advocate General shall establish a Court of Military Review which shall be composed of one or more panels, and each such panel shall be composed of not less than three appellate military judges. For the purpose of reviewing court-martial cases, the court may sit in panels or as a whole in accordance with rules prescribed under subsection (f). . . . The Judge Advocate General shall designate as chief judge one of the appellate military judges of the Court of Military Review established by him. The chief judge shall determine on which panels of the court the appellate judge assigned to the court will serve and which military judge assigned to the court will act as the senior judge on each panel.

\* \* \* \* \* \*

(f) The Judge Advocates General shall prescribe uniform rules of procedure for Courts of Military Review and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases in the office of the Judge Advocates General and by Courts of Military Review.

The current Rules of Practice and Procedure for the Courts of Military Review do not address the assignment of cases to specific panels of the respective Courts. *See* 10 M.J. LXXIX–XCIV. However, the "Internal Operating Procedures" of the Army Court of Military Review prescribe procedures for the Clerk of Court to assign cases to panels of the Court:

Records of trial received by the Clerk of Court shall be assigned to the panels by the Clerk of Court, at the direction of the Chief Judge, on a random rotating basis except as provided for below. All companion cases will be assigned to the same panel of the Court. A case remanded to the Court by the United States Court of Military Appeals will be assigned to the same panel which originally considered the case. The Clerk of Court will prepare Standing Operating Procedures for the Office of the Clerk of Court which are not inconsistent with these procedures and submit them to the Chief Judge for approval.

Final Draft, p. 1–4 (April 25, 1977). Pursuant to this delegation the Clerk of Court's "Standing Operating Procedures" (December 11, 1981) provide (at p. 2–7):

2. Referral to Panel. All Article 66 cases are referred to different panels of the Court from the separate court-martial assignment sheet. The cases are assigned to each Panel on a rotating basis from separate general and special court-martial rosters based on the following considerations: counsel or no-counsel, guilty or not guilty pleas, larger than usual cases and officer cases. In addition, co-conspirator or companion cases are referred to the same Panel.

---

1. Mr. Kemper's investigation concluded that there was "no evidence of any plan or intent to prejudice Specialist Four Vines in the assignment of his case."

It is obvious from an examination of the above-referenced authorities that there are no restrictions—statutory or regulatory—on the authority of the Chief Judge, as administrative chief of the Court, to assign cases to panels as he wishes. In addition, the power to change panel assignment, once made, is likewise unrestricted. *See, e.g.,* Memorandum for All Appellate Military Judges, JALS–CRZ No. 1, February 11, 1980. However, once a panel assignment has been made, it would seem only proper that the specified panel should be the one to decide the case absent a subsequent change-of-assignment order.[2] Here that did not occur. That was error. It is the nature and magnitude of such error and its prejudicial effect on the accused that we must determine.

At the outset we dispose of appellate Government counsel's contention that the accused has no standing to assert before us administrative errors in the processing of his appeal. As a practical matter, where else would he go? The case is before us on direct appeal, and having granted his petition, we must resolve the issue. That does not mean that every administrative misfeasance in processing demands judicial relief, but it may merit judicial recognition and consideration.

The assigning of cases to panels is a procedural, not a substantive, matter which falls within the prerogative of the Judge Advocate General, and, as delegated, the Chief Judge and the Clerk of Court. *See generally United States v. Petroff-Tachomakoff,* 5 U.S.C.M.A. 824, 19 C.M.R. 120 (1955). The accused has no right to select the panel to which his case is to be assigned for decision. *Western Pac. R. Corp. v. Western Pac. R. Co.,* 345 U.S. 247, 73 S.Ct. 656, 97 L.Ed. 986 (1953). "The procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional." *Schacht v. United States,* 398 U.S. 58, 64, 90 S.Ct. 1555, 1559, 26 L.Ed.2d 44 (1970). It is evident that the accused attains no right to have his case considered by any particular panel either before or after the first random assignment by the office of the Clerk. Many reasons exist for change of assignment of cases ranging from workload of particular panels to reassignment of judges from a panel. Aside from the statutory grounds which disqualify appellate judges for certain reasons,[3] consideration of an accused's case by any properly constituted panel satisfies Article 66.[4] The accused does not challenge the qualifications of the appellate military judges who reviewed and decided his case, and there is nothing in the record before us which could support such a challenge. Therefore, the statutory requirements of Article 66 have been met, except for the fact that the panel which reviewed the record of trial and issued a decision was not the one to which the case was assigned.

---

**2.** Obviously if oral argument had been held before a panel it would not be proper to reassign the case without offering an opportunity to present oral argument before the second panel. However, change of one judge on a panel for cogent reasons would not compel a similar result if proper procedures were followed by the new judge. *See Marrese v. American Academy of Orthopaedic Surgeons,* 692 F.2d 1083, 1086 (footnote) (7th Cir.1982). However, such a situation is not before us here.

**3.** "No member of a Court of Military Review shall be eligible to review the record of any trial if such member served as investigating officer in the case or served as a member of the court-martial before which such trial was conducted, or served as military judge, trial or defense counsel, or reviewing officer of such trial." Article 66(h), Uniform Code of Military Justice, 10 U.S.C. § 866(h).

**4.** This is different from the situation prevailing at trial where the accused has the right to be tried by the members of the court-martial listed on the convening order. Article 25, UCMJ, 10 U.S.C. § 825; *United States v. Allen,* 5 U.S.C. M.A. 626, 18 C.M.R. 250 (1955); *United States v. Padilla,* 1 U.S.C.M.A. 603, 5 C.M.R. 31 (1952). This is because a court-martial exists only upon appointment, *see* para. 36*b,* Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Ryan,* 5 M.J. 97 (C.M.A.1978), whereas a Court of Military Review is a continuing body whose existence does not depend upon a convening order for disposition of any particular case. *Compare* Articles 16, UCMJ, 10 U.S.C. § 816, and 25, *with* Article 66.

Our remedy would seem to lie in one of two directions: either return the case to the panel to which it was originally assigned for consideration and decision, or to affirm the decision of the panel which actually considered it. The difficulty with the former is that one of the members of the first panel, at least as of July 31, 1981, has retired from the Army and, consequently would not be available to consider accused's case at this time. Hence, even if we directed consideration by Panel 4, it would be only as that panel is now constituted. This seems to be a rather futile exercise. It appears that the only practical solution is to affirm the decision of the panel which did consider the accused's case since there is no codal impediment to such action.[5]

The decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Judge (concurring in part):

I do not believe that an appellant can show any prejudice to himself by the fact that his case was heard by one panel of the Court of Military Review rather than another panel of the Court of Military Review. There is no Article in the Uniform Code of Military Justice that creates a jurisdictional prerequisite that a panel of the Court of Military Review can act only with respect to cases referred to it by the then-sitting Chief Judge.

I do appreciate the general law as to the standing of appellant to raise issues concerned with the internal procedures of appellate courts, the rule being well stated in my Brother's opinion. I do, though, have one caveat, being that certain internal rules if not followed in the strictest sense could give rise to constitutional due process questions. Such is not the case here.

I would affirm the decision of the United States Army Court of Military Review.

EVERETT, Chief Judge (dissenting):

Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, contemplates that a Court of Military Review may sit in panels and that the Chief Judge of that court shall determine the membership of those panels. Consistent with this Article, the "Internal Operating Procedures" of the Army Court of Military Review provide that each case shall be assigned to panels of the court "at the direction of the Chief Judge, on a random rotating basis except as provided for below," Final Draft, p. 1–4 (April 25, 1977); and, unless reassigned, the case is decided by that panel. Because of the error made in the processing of appellant's case, these procedures were violated, and his case was not decided by the judges to whom it had been assigned.

Although I agree with the principal opinion that this error was not jurisdictional, I do attribute a prejudicial effect to it. Indeed, in my view it impaired appellant's right to appellate counsel granted by Article 70 of the Code, 10 U.S.C. § 870. This impairment resulted because, to allow Vines' case to be decided by a panel other than the one which his appellate defense counsel had been advised would do so, prevented his counsel from representing him properly.

When an appellate advocate learns the identity of the judges who will consider his client's case,[1] he considers whether there is any reason why one or more of those judges may be disqualified from participating in such review. For appellate military judges, grounds of disqualification are stated by Article 66(h) of the Code. *See also United States v. Kincheloe*, 14 M.J. 40 (C.M.A.

5. Our disposition of this case should not be construed as any indication that we minimize such errors in the administrative processing of appellate cases. Congress created Courts of Military Review as *courts,* and they must perform their duties in a proper judicial manner. We recognize the enormous workload of the Army Court of Military Review, but that does not excuse the failure to properly maintain the highest standards, both judicial and administra-

tive, in the performance of their statutory duties. Situations such as this only serve to create mistrust of the entire military justice system.

1. During oral argument we were informed that under the usual procedure of the Army Court of Military Review appellate defense counsel are advised of the panel to which a case is assigned at about the time of the assignment.

1982). However, in the present case appellate defense counsel were deprived of the opportunity to seek recusal of any of the judges who decided appellant's case, for they were misinformed as to which panel would perform the appellate review.

Furthermore, since appellate judges are not fungible, a competent appellate advocate usually seeks to tailor his brief and oral argument to the particular judges who will consider his appeal. *See, e.g.,* Causey, "Practical Suggestions for the Appellate Lawyer," 29 *Fed.Bar News and Journal* 462 (Dec. 1982); Everett, "Persuasive Appellate Advocacy," 29 *Federal Bar News and Journal* 469 (Dec. 1982); Re, *Brief Writing and Oral Argument* 191–92 (4th Rev.Ed.1977). A decision whether to waive oral argument may also be influenced by the membership of the panel of judges which will consider the appeal. In the present case, appellant's counsel were denied the opportunity to make such evaluations by the misadvice they received as to who actually would decide the case.

No military exigency justifies such a departure from customary procedure. Indeed, the slipshod handling of appellant's case tends to diminish the stature of the Court of Military Review and tarnishes the image of military justice. I do not wish even indirectly to condone the error that has taken place in this case by affirming the decision of the court below. Moreover, unlike the principal opinion, I can readily discern a "practical solution." That solution would be to set aside the decision of the wrong panel and remand to the Army Court of Military Review for reassignment to whatever panel might be directed by the Chief Judge of that court, pursuant to its Internal Operating Procedures. Moreover, I would direct that appellate defense counsel be allowed a reasonable opportunity to file any motions or supplemental briefs or to make any request for oral argument that they may consider appropriate in light of the remand of the case.