*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Patrick A. SHEA, Senior Airman**
United States Air Force, Appellant

**No. 16-0530**
Crim. App. No. S32225

Argued January 11, 2017—May 30, 2017

Military Judge: Joshua Kastenberg

For Appellant: *Major Isaac C. Kennen* (argued); *Captain Patrick A. Clary* (on brief).

For Appellee: *Gerald R. Bruce*, Esq. (argued); *Colonel Katherine E. Oler* and *Major Meredith L. Steer* (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, RYAN, and OHLSON, joined.

————————

Judge SPARKS delivered the opinion of the Court.

Appellant was tried by a military judge sitting as a special court-martial at Scott Air Force Base, Illinois. In accordance with Appellant's pleas, he was found guilty of one specification of disobeying a superior commissioned officer and two specifications of assault consummated by a battery, in violation of Articles 90 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 928 (2012). Appellant was also convicted of, contrary to his pleas, one specification of assault consummated by battery and one specification of communicating a threat, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934 (2012).

The military judge sentenced Appellant to a bad-conduct discharge, four months of confinement, forfeiture of $750.00 pay per month for four months, reduction to E-1, and a reprimand. The convening authority approved the bad-conduct

discharge, the term of confinement, the reduction, and the reprimand.[1]

On appeal under Article 66, UCMJ, 10 U.S.C. § 866 (2012), the United States Air Force Court of Criminal Appeals (AFCCA) set aside the conviction concerning Specification 3 of Charge I (assault consummated by battery) and reassessed the sentence. *United States v. Shea*, No. ACM S32225, slip op. at 8 (A.F. Ct. Crim. App. May 21, 2015). Appellant filed a petition for this Court to review the AFCCA's sentence reassessment. *United States v. Shea*, 75 M.J. 49 (C.A.A.F. 2015). We granted review and affirmed the AFCCA's decision as to the findings. *Id.* However, we reversed as to the sentence and remanded for a new sentence reassessment based on the affirmed findings of guilt. *Id.* The AFCCA reassessed Appellant's sentence and affirmed the sentence approved by the convening authority. *United States v. Shea*, No. ACM 32225 (rem), slip op. at 3 (A.F. Ct. Crim. App. May 6, 2016).

Appellant petitioned this Court for review and we granted on the following issues:

> I.  Whether the Court of Criminal Appeals erred on remand when, over Appellant's timely objection, this case was assigned to a panel that did not include all three of the judges from the original decision.
>
> II. Whether a reasonable observer would question the impartiality or independence of the Court of Criminal Appeals after witnessing the removal of Judge Hecker from this case on remand following the Government's allegations that her impartiality has been impaired by the decision of the Judge Advocate General, who is himself part of the Government, to assign her to perform non-judicial additional duties within the government.

Remand is a remedy frequently utilized by this Court. Depending on the workload of the lower courts, as well as a

---

[1] The convening authority did not approve the adjudged forfeitures and waived the mandatory forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b (2012), for the benefit of Appellant's dependent spouse and children.

host of other reasons, this frequent interchange of cases may result in panels reviewing cases on remand that were not originally assigned to them. The threshold issue, therefore, is whether an accused has a right to have a panel composed of the same appellate judges review his case. We hold that no such right exists and thus, there was no error when a panel composed of different appellate judges reviewed Appellant's case on remand. We also hold that Appellant failed to establish some evidence of apparent unlawful command influence where his claim amounted to no more than a claim of command influence in the air.

## Background

*The AFCCA's First Sentence Reassessment*

The underlying facts relating to the charges are not essential to our analysis of the issues, but the AFCCA characterized the facts as follows:

> The charges in this case arose out of an abusive relationship between Appellant and his wife. Appellant was arrested in November 2013 after striking his wife and threatening her with a knife. For this incident, the Appellant was found guilty of assault consummated by a battery and communicating a threat. In addition to the November 2013 incident, the Appellant was also convicted of assaulting his wife twice during the fall of 2011. [One specification alleged he struck her on the back with his hand. The other specification alleged Appellant threw a baby bottle at her].

*Shea*, No. ACM S32225, slip op. at 2. Appellant appealed his conviction to the AFCCA and argued that the Government failed to disclose certain statements in the victim's medical records. *Id.* at 3-4. Appellant's case was assigned to a three-judge panel composed of Chief Judge Allred, Senior Judge Teller, and Judge Hecker. *Id.* at 1. On May 21, 2015, this three-judge panel issued a decision setting aside the conviction concerning Specification 3 of Charge I and reassessed the sentence. *Id.* at 8. The panel reassessed Appellant's sentence to the sentence adjudged by the military judge, rather than the sentence approved by the convening authority. *Id.*

Appellant filed a petition requesting that this Court review whether the AFCCA erred in reassessing his sentence. *Shea*, 75 M.J. at 49. We granted review and affirmed the AFCCA's decision as to findings, but reversed as to the sentence and remanded for a new sentence reassessment based on the affirmed findings of guilt. *Id.*

*The AFCCA's Second Sentence Reassessment*

On October 26, 2015, the AFCCA issued an order stating, "Effective 15 October 2015, Colonel Karen Hecker is attached to AFLOA/JAJM as the Senior IMA."[2] This order also indicated that the Judge Advocate General was continuing Colonel Hecker's appointment as an appellate military judge on the AFCCA. Notice was provided to both the government and defense appellate divisions of Colonel Hecker's dual status.

In another unrelated case, *United States v. Rivera*, the Government filed a Motion for Leave to File Motion for Recusal of Appellate Judge and Motion for Reconsideration, with the AFCCA. The Government argued that Judge Hecker's dual appointment status might lead a reasonable person to question her impartiality. Despite this argument, the AFCCA denied the motion.

On April 8, 2016, the AFCCA issued a special panel order listing the appellate military judges that would hear Appellant's case on remand. Judge Hecker was not one of the judges. The order did not specify the reasons the panel was not composed of the same judges that had originally heard Appellant's appeal. The new panel was composed of Judge Allred, Judge Teller, and Judge Zimmerman.

Appellant objected to the change in panel composition asserting that Congress prohibited a new panel from reconsidering a previous panel's decision. Appellant's motion was denied. Ultimately, the new panel reassessed Appellant's sentence and affirmed the sentence approved by the convening authority. *Shea*, No. ACM 32225 (rem), slip op. at 3.

---

[2] Air Force Legal Operations Agency (AFLOA); Military Justice Division (JAJM); and Individual Mobilization Assistants (IMAs). IMAs are reservists that support an operational requirement for their respective branch.

**I.**

We first address the issue of whether the AFCCA erred by assigning Appellant's case to a panel that did not include all three of the judges from the original decision.

Appellant argues that the AFCCA improperly changed the composition of the panel that was assigned to review his case on remand. Brief for Appellant at 6-9, *United States v. Shea*, No. 16-0530 (C.A.A.F. Oct. 14, 2016). The AFCCA is a court of limited jurisdiction and possesses only that power authorized by the Constitution and statute. *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015) (citing *United States v. Daly*, 69 M.J. 485, 486 (C.A.A.F. 2011)).

The Courts of Criminal Appeals are established by Article 66, UCMJ, which provides in pertinent part:

> (a) Each Judge Advocate General shall establish a Court of Criminal Appeals which shall be composed of one or more panels, and each such panel shall be composed of not less than three appellate military judges. For the purpose of reviewing court-martial cases, the court may sit in panels or as a whole in accordance with rules prescribed under subsection (f).… The Judge Advocate General shall designate as chief judge one of the appellate military judges of the Court of Criminal Appeals established by him. The chief judge shall determine on which panels of the court the appellate judges assigned to the court will serve and which military judge assigned to the court will act as the senior judge on each panel.
>
> ….
>
> (f) The Judge Advocates General shall prescribe uniform rules of procedure for Courts of Criminal Appeals and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases in the offices of the Judge Advocates General and by Courts of Criminal Appeals.

The Air Force Rules of Practice and Procedure provide further guidance on the granted issue:

> When a case is remanded directly to the Court by the United States Court of Appeals for the Armed

> Forces (hereinafter CAAF), it shall, when practical, be referred to the same numbered panel that last decided the case.

A.F.C.C.A. R. 2.2(b). Nothing in the UCMJ, or rules of procedure provide Appellant the right to select a panel, or have his case considered by any particular panel. Article 66, UCMJ; A.F.C.C.A. R. 2.2(b); *United States v. Vines*, 15 M.J. 247, 249 (C.M.A. 1983). By law, the court may review cases en banc or in panels, and the chief judge of the court has broad authority to assign, remove and reassign judges to cases on the court's docket. *See Vines*, 15 M.J. at 249 (holding "that there are no restrictions—statutory or regulatory—on the authority of the Chief Judge, as administrative chief of the Court, to assign cases to panels as he wishes. In addition, the power to change panel assignment, once made, is likewise unrestricted").

In *Vines*, the accused's case was sent to the Army Court of Military Review and was assigned to Panel Four. 15 M.J. at 248. Through administrative or clerical error the case was inadvertently delivered to Panel Five. *Id.* Naturally, Panel Five was composed of different appellate judges than Panel Four. *Id.* After hearing the case, Panel Five affirmed the accused's conviction. *Id.* The *Vines* court determined that it was error for another panel to decide the case absent a change-of-assignment order, however, that error was not prejudicial to the accused. *Id.* at 249. In the instant case the AFCCA did not err. Unlike *Vines*, the AFCCA issued a proper order notifying the parties of the change in the panel's composition.[3]

We recognize that, "many reasons exist for a change of assignment of cases ranging from workload of particular panels to reassignment of judges from a panel." *Id.* The consideration of Appellant's case by any properly constituted panel satisfies Article 66, UCMJ. *Vines*, 15 M.J. at 249. Moreover, the *Vines* court explicitly recognized "that the accused attains no right to have his case considered by any

---

[3] Generally, absent exceptional circumstances, a judge should hear and decide matters assigned unless disqualified. *United States v. Witt*, 75 M.J. 380, 383 (C.A.A.F. 2016) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)).

particular panel either before or after the first random assignment by the office of the Clerk." *Id*. Appellant does not challenge the qualifications of the appellate military judges who reviewed his case, and there is nothing in the record before this Court which could support such a challenge. Brief for Appellant at 6-13, *Shea*, No. 16-0530 (C.A.A.F. Oct. 14, 2016). Thus, Article 66, UCMJ, was satisfied.

Article 66(a), UCMJ, governs the Court of Criminal Appeals' power to review cases and Appellant's argument centers on Congress's intent for enacting the statute. Brief for Appellant at 6-9, *Shea*, No. 16-0530 (C.A.A.F. Oct. 14, 2016). Appellant relies on a line of cases that "construe[d] Article 66(a) as meaning that cases are to be reviewed and decided by panels of the court or by the entire court, but that the same case may not be decided by two different groups of judges." *United States v. Wheeler*, 20 C.M.A. 595, 598, 44 C.M.R. 25, 28 (1971) (referencing *United States v. Chilcote*, 20 C.M.A. 283, 286, 43 C.M.R. 123, 126 (1971)). To further support his argument, Appellant cites *United States v. Robertson*, which determined that, "generally, and whenever possible, an appellant should receive review of his case by a board of review constant in membership." 17 C.M.A. 604, 606, 38 C.M.R. 402, 404 (1968) (citing *Rohlfing v. Moses Akiona, Ltd.,* 369 P.2d 114, 116 (Haw. 1962)). Appellant's reliance on *Robertson*, moreover, is undermined by the context of the language he cites. The *Robertson* court did opine that panels should generally remain constant in membership, but immediately went on to clarify:

> Circumstances may, however, dictate otherwise, as in the case at hand. Normally, should such an occasion arise, jurisdiction is implicit. Thus, it is analogously said:
>
>> "*A rehearing will not be granted merely because a change in the membership of the court is about to take place or has already occurred*; nor will a rehearing be granted because the judge writing the majority opinion was not present or a member of the court at the time of oral argument or the submission of the cause."

*Id.* at 606, 38 C.M.R. at 404 (emphasis added) (citations omitted). Based on the cited authorities, Appellant con-

cludes, albeit incorrectly, that he has the right to have his case reviewed by the same appellate judges who initially reviewed his case prior to our remand. Brief for Appellant at 6-13, *Shea*, No. 16-0530 (C.A.A.F. Oct. 14, 2016).

The cases cited by Appellant interpreted a prior version of Article 66, UCMJ, with respect to motions for reconsideration and en banc review. Appellant's case concerns Article 66, UCMJ, but is procedurally different because it was remanded to the lower court after our initial review.

Accordingly, we conclude that when a case is being reviewed on remand, an accused does not possess a right to a panel composed of the same appellate judges who originally reviewed his case. We therefore hold that Appellant's case was properly remanded, assigned, and reviewed by the AFCCA pursuant to Article 66, UCMJ.

## II.

Turning to the unlawful command influence allegation, we conclude that Appellant has not met his initial burden of showing "some evidence," of apparent unlawful influence. *United States v. Boyce,* __ M.J. __ , __ (11) (C.A.A.F. 2017). In order to raise the issue of apparent unlawful influence, an accused must demonstrate the following: (a) facts, which if true, constitute unlawful command influence; and (b) this unlawful command influence placed an "intolerable strain" on the public's perception of the military justice system because "an objective, disinterested observer, fully informed of all the facts and circumstances, would harbor a significant doubt about the fairness of the proceeding." *Id.* at __ (10) (internal quotation marks omitted) (citation omitted).

Appellant argues that apparent unlawful influence existed because Judge Hecker was inappropriately removed from reviewing his case. Brief for Appellant at 9-11, *Shea*, No. 16-0530 (C.A.A.F. Oct. 14, 2016) (citing *United States v. Salyer*, 72 M.J. 415, 428 (C.A.A.F. 2013) (holding that apparent unlawful influence exists where a military judge is removed through the inappropriate actions of the government)). In order to support this argument he alleges that the Judge Advocate General specifically ordered Judge Hecker to perform duties that would force her to be removed from his panel. *Id.*

For reasons explained previously, the AFCCA did not inappropriately remove Judge Hecker from the panel reviewing Appellant's case. Article 66, UCMJ; A.F.C.C.A. R. 2.2(b); *see also Vines*, 15 M.J. at 249. Additionally, it was well within the Judge Advocate General's authority to assign Judge Hecker as the IMA to the JAJM of the AFLOA. 10 U.S.C. § 8037(c)(2) (2012); *Vines*, 15 M.J. 249. Neither action taken by the chief judge or the Judge Advocate General was inappropriate, or unlawful.

Furthermore, Appellant did not present any evidence that a plan or scheme to unlawfully remove Judge Hecker existed. *See generally* Brief for Appellant at 1-13, *Shea*, No. 16-0530 (C.A.A.F. Oct. 14, 2016). Appellant speculates that the AFCCA's motives for removing Judge Hecker were suspect based on the court's failure to address the issue in its order. *Id.* at 10-12. However, in a trial context, we have stated:

> [T]here must be something more than an appearance of evil to justify action by an appellate court in a particular case. "Proof of [command influence] in the air, so to speak, will not do." We will not presume that a military judge has been influenced simply by the proximity of events which give the appearance of command influence in the absence of a connection to the result of a particular trial.

*United States v. Allen,* 33 M.J. 209, 212 (C.M.A. 1991) (alteration in original) (footnote omitted). Appellant's speculation in this case amounts to no more than a claim of command influence in the air. There is no regulation, statute, or authority that requires the AFCCA to dictate their reasoning for a change in a panel's composition. *Vines*, 15 M.J. at 248-49 (citing Article 66, UCMJ).[4]

Accordingly, we hold that Appellant has failed to meet his initial burden of showing some evidence of apparent unlawful command influence.

---

[4] Although not required, it may be a better practice in such cases to have the CCA's chief judge or clerk of the court indicate on the record the reason for a change in a panel's composition to avoid unnecessary litigation of the issue.

## <u>Decision</u>

The decision of the United States Air Force Court of Criminal Appeals is affirmed.